The PEOPLE OF the STATE OF COLORADO, Plaintiff/Appellee,

v.

Jesus LOPEZ, Jr., D.D.S., Defendant/Appellant.

No. 90–1092.

United States Court of Appeals, Tenth Circuit.

Nov. 19, 1990.

Jesus Lopez, Jr., D.D.S., pro se.

Frederick N. Mattoon, Deputy Dist. Atty., State of Colo., Pueblo, Colo., for plaintiff/appellee.

Before McKAY, MOORE and BRORBY, Circuit Judges.

McKAY, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

Defendant Jesus Lopez, Jr., D.D.S., appeals an order remanding this case to Colorado state court.

Plaintiff State of Colorado commenced this prosecution in Colorado state court charging the defendant with three counts of fraud by check. On January 29, 1990, the defendant pro se filed a petition for removal pursuant to 28 U.S.C. § 1443 and § 1446.

The district court remanded. It found that defendant's removal petition alleged that he was denied his rights to a speedy and fair trial. The court concluded that this action was improperly removed because section 1443 does not authorize removal to protect the broad guarantees of the Constitution, and that the sixth amendment right to a speedy trial was such a right. *Naugle v. Oklahoma*, 429 F.2d 1268, 1269 (10th Cir.1970).

28 U.S.C. § 1447(d) provides for appellate review of the district court's remand:

An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise.

28 U.S.C. § 1447(d) (1988).

28 U.S.C. § 1443 provides in part:

Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof....

28 U.S.C. § 1443 (1988).

The Supreme Court established a two part test for section 1443 removal petitions in *Johnson v. Mississippi*, 421 U.S. 213, 95 S.Ct. 1591, 44 L.Ed.2d 121 (1975): "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Id.*, 421 U.S. at 219, 95 S.Ct. at 1595 (quoting *Georgia v. Rachel*, 384 U.S. 780, 792, 86 S.Ct. 1783, 1790, 16 L.Ed.2d 925 (1966)). A state court defendant's claim that "prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination" is insufficient for removal. *Johnson*, 421 U.S. at 219, 95 S.Ct. at 1595. Second, it must appear "that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of [the] State.'" *Id.* (quoting 28 U.S.C. § 1443(1) (1988)).

We agree with the district court that the defendant has failed to satisfy the requirements for removal under section 1443. The defendant has made no claim that he is being denied a right arising under a federal law "providing for specific civil rights stated in terms of racial equality." *Georgia v. Rachel*, 384 U.S. 780, 792, 86 S.Ct. 1783, 1790, 16 L.Ed.2d 925 (1966). Instead, Dr. Lopez asserts in his petition for removal that, in essence, he has been denied his right to a speedy trial and that the trial court violated his constitutional rights in requesting that his competency to proceed to trial be evaluated. These rights are not, in the language of the statute, rights arising "under any law providing for the equal civil rights" of United States citizens.

AFFIRMED. The mandate shall issue forthwith.