2 F.3d 1160
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Delfin SANCHEZ; Louise M. Sanchez, Plaintiffs-Appellants,
v.
Paul R. ONUSKA, in his personal capacity; Becky Dell, in
her personal capacity; J. Scott Truax; Mary Bazan, in her
personal capacity; Felix Briones, Jr., in his personal
capacity; Douglas F. Moeller, in his personal capacity;
Grace Salazar, in her personal capacity, Defendants-Appellees.
 No. 93-2155.
 United States Court of Appeals, Tenth Circuit.
 Aug. 13, 1993.
 
 Before MOORE, ANDERSON, and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 PER CURIAM.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This matter is before the court on defendants' motion to dismiss for lack of jurisdiction and plaintiffs' motion for injunctive relief pending appeal.
 
 
 3
 By mere recitation of 28 U.S.C. Secs. 1441(c) and 1443, plaintiffs removed two state court actions to federal district court. The allegations in the removal petition were conclusory and unsupported. The district court remanded the actions to state court. Plaintiffs appealed.
 
 
 4
 In their motion to dismiss the appeal, defendants argue that because the remand did not fall within the exception to nonreviewability set forth in 28 U.S.C. Sec. 1447(d), this court lacks jurisdiction to consider an appeal. An order remanding a removed case to state court is ordinarily not reviewable by appeal. Id. A remand of a case removed pursuant to Sec. 1441(c) is not reviewable and must be dismissed for lack of jurisdiction. Thermtron Prods., Inc. v. Hermansdorfer, 423 U.S. 336, 343 (1976). Thus, the portion of the remand order in this case concerning the Sec. 1441(c) removal is not reviewable and must be dismissed for lack of jurisdiction.
 
 
 5
 Section 1447(d), however, excepts from the general rule of nonappealability those orders which remand cases removed to federal court pursuant to Sec. 1443. In this action, plaintiffs expressly based their removal in part upon Sec. 1443. To the extent the removal is based upon Sec. 1443, this court may review the district court's remand order. See People v. Lopez, 919 F.2d 131, 132 (10th Cir.1990).
 
 
 6
 The Supreme Court established a two-part test for Sec. 1443 removal petitions in Johnson v. Mississippi, 421 U.S. 213 (1975). "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.' " Id. at 219 (quoting Georgia v. Rachel, 384 U.S. 780, 792 (1966)). "Second, it must appear ... that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of [the] State.' " Id.
 
 
 7
 Plaintiffs' removal petition did not even colorably fall within these strict requirements for removal under Sec. 1443. See Lopez, 919 F.2d at 132. Plaintiffs did not sufficiently allege that they have been denied or cannot enforce any right which would have given them grounds for removal under Sec. 1443. See North Carolina v. Grant, 452 F.2d 780, 782 (4th Cir.1972); Ronan v. Stone, 396 F.2d 502, 503 (1st Cir.1968); South Carolina v. Lindsey, 741 F.Supp. 1217, 1218 (D.S.C.1990). "State proceedings do not become civil rights matters by generalized, not to mention unsupported, allegations...." Ronan, 396 F.2d at 503. Because there was no proper removal under Sec. 1443, see Lopez, 919 F.2d at 132; Texas v. Gulf Water Benefaction Co., 679 F.2d 85, 87 (5th Cir.1982); Grant, 452 F.2d at 782, we summarily affirm the portion of the remand order concerning the Sec. 1443 removal.
 
 
 8
 Accordingly, the motion to dismiss for lack of jurisdiction is GRANTED in part, and the appeal is DISMISSED in part. In all other respects, the remand order of the United States District Court for the District of New Mexico is AFFIRMED. Plaintiffs' motion for injunctive relief pending appeal is DENIED as moot.
 
 
 9
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3