13 F.3d 406
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Edwardo MONTOYA and Sally Montoya, Plaintiffs-Appellants,
v.
David L. ALLISON; Carol M. Allison; Lawyers Title
Insurance Corporation; City of Farmington, New Mexico, a
Municipal Corporation; Resolution Trust Corporation; San
Juan County Abstract & Title Company, a New Mexico
Corporation; Safeco Title Insurance Company, a California
Corporation; Guardian Abstract & Title Company, a New
Mexico Corporation; Pioneer National Title Insurance, a
Ticor Company, a California Corporation; Western Bank; and
John Does 1-10, Defendants-Appellees.
 No. 93-2219.
 United States Court of Appeals, Tenth Circuit.
 Dec. 15, 1993.
 
 ORDER AND JUDGMENT[1]
 Before MOORE, ANDERSON, and KELLY, Circuit Judges.
 
 MOORE
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Edwardo and Sally Montoya appeal pro se from a remand of a case they had originally filed in a New Mexico state court. After the matter had been in litigation for some two years, the state court granted summary judgment of dismissal in favor of several defendants. Alleging an inability in state court to enforce rights provided by the Fourteenth Amendment against "racism and involuntary servitude" and to obtain relief under "18 U.S.C.1964 and 1965," the Montoyas attempted to remove their action to the United States District Court in New Mexico. Defendants' motion to remand was granted and plaintiffs appealed.
 
 
 3
 Because of the provisions of 18 U.S.C. 1447(d), we do not have jurisdiction to review cases remanded to state court, except when removal was invoked under 28 U.S.C. 1443. Granting the liberal reading provided for pro se pleadings to the Montoyas' petition for removal, we will construe it to have invoked removal under the latter section. We therefore have jurisdiction over this appeal. See People v. Lopez, 919 F.2d 131, 132 (10th Cir.1990)[2]
 
 
 4
 We hold, however, the district court correctly remanded the case to the state court. The jurisdictional statute provides in unassailable terms:
 
 
 5
 Any of the following civil actions ... may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
 
 
 6
 (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof.
 
 
 7
 28 U.S.C. 1443 (emphasis added). Giving the Montoyas the benefit of the doubt which grants their entree to this court, it is nonetheless clear from even a most liberal reading of the record their petition for removal was destined to failure from the outset. Only defendants in state court have a right of removal to protect their civil rights. Because the Montoyas were plaintiffs, they were not entitled to removal, and their case was properly remanded to the state court.
 
 
 8
 AFFIRMED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R.36.3
 
 
 [2]
 The sanctions imposed by the district court, however, are not appealable until the imposition a sum certain. Pennsylvania Nat. Mut. v. City of Pittsburg, Kan., 987 F.2d 1516, 1520-21 (10th Cir.1990)