74 F.3d 1250
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 PEOPLE of the State of Colorado, Plaintiff-Appellee,
v.
Robert J. GLASER, Defendant-Appellant.
 No. 95-1424.
 United States Court of Appeals, Tenth Circuit.
 Jan. 19, 1996.
 
 ORDER AND JUDGMENT[1]
 Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.[2]
 
 
 1
 Defendant Robert J. Glaser appeals the district court's summary remand to state court of traffic-ticket cases Defendant attempted to remove to federal court. We exercise jurisdiction pursuant to 28 U.S.C. 1291, 1447(d), and affirm.
 
 
 2
 The People of the State of Colorado initiated three separate traffic-ticket actions against Defendant in El Paso County, Colorado, County Court. Defendant filed a "Notice of Refusal Without Dishonor" asserting he was a sovereign "state," entitled to choose the law applicable to his case, and that El Paso County Court lacked jurisdiction over him. Defendant filed a Notice of Removal, seeking removal of the traffic-ticket cases to federal district court.
 
 
 3
 The United States District Court for the District of Colorado construed Defendant's pro se Notice of Removal liberally as seeking removal under 28 U.S.C. 1443. The district court analyzed 1443 and relevant case law in light of Defendant's claims and concluded Defendant was not entitled to removal. See Colorado v. Lopez, 919 F.2d 131, 132 (10th Cir.1990) (for 1443 removal, Defendant must demonstrate, inter alia, "that he is being denied a right arising under a federal law 'providing for specific civil rights stated in terms of racial equality.") (quoting Georgia v. Rachel, 384 U.S. 780, 792 (1966)). Accordingly, the district court summarily remanded the traffic-ticket actions to the El Paso County Court.
 
 
 4
 Defendant filed a "Notice of Proceeding Without Cost." The district court liberally construed Defendant's Notice as a motion for leave to appeal in forma pauperis, and denied the motion. The district court noted that under 28 U.S.C. 1447(d), "an order remanding a case to the State court from which it was removed is not reviewable on appeal." As a result, the court concluded Defendant could not appeal its remand order.
 
 Section 1447(d) provides that:
 
 5
 An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 ... shall be reviewable by appeal or otherwise.
 
 
 6
 28 U.S.C. 1447(d) (emphasis added). Because Defendant sought to remove the traffic-ticket cases under 1443, we have jurisdiction to review the district court's remand order. Id.; see also Lopez, 919 F.2d at 132 (reviewing district court's remand of 1443 removal). Based upon our review of the record and case law, we conclude the district court properly remanded the traffic-ticket cases to El Paso County Court. We affirm for substantially the same reasons set forth in the district court's Order For Summary Remand.[3]
 
 
 7
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case therefore is ordered submitted without oral argument
 
 
 [3]
 We grant Defendant's motion to proceed in forma pauperis. We deny Defendant's motion to supplement the record