78 F.3d 597
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 GULF INSURANCE GROUP, Plaintiff-Appellee,
v.
Murty NARUMANCHI and Radha Narumanchi, Defendants-Appellants.
 No. 94-5170.
 United States Court of Appeals, Tenth Circuit.
 March 6, 1996.
 
 Before SEYMOUR, Chief Judge, McKAY and LUCERO, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Chief Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Gulf Insurance Group ("Gulf") brought this action against Murty Narumanchi and Radha Narumanchi ("Defendants") in Tulsa County District Court, alleging Defendants were indebted to Gulf for bond losses under an agreement of indemnity. Following the state court's denial of three of their motions, Defendants sought to remove the case to the United States District Court for the Northern District of Oklahoma pursuant to 28 U.S.C. § 1443. The federal court remanded the action to state court. Defendants appeal the remand.
 
 
 3
 As grounds for removal to federal court, Defendants' Notice of Removal provides: "Unwillingness of the State Court to enforce State and Federal laws; and/or deny equal rights and Fifth and Fourteenth Amendment rights of Petitioners (named defendants)." Rec., vol. I, doc. 1 at 2 (footnote omitted). Defendants pointed to "the State Court's inaction on Petitioner's request for a proper 'articulation' of the court's orders; and also state court's unwillingness to discipline plaintiff's attorneys for harassing named defendants for production of documents...." Id. n. 1. On appeal, defendants express concern that Oklahoma courts will not respect their rights because they reside in Connecticut, especially given "defendants['] ... foreign-sounding names and ... apparent racial or ethnic background," Aplt. Br. at 16, but they did not make this assertion in their petition for removal.
 
 
 4
 When a federal district court remands a cause of action previously removed from state court, this court is generally without jurisdiction to hear any appeal or writ of error, with but one exception. 28 U.S.C. § 1447(d). The exception governs civil actions or criminal prosecutions "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof...." 28 U.S.C. § 1443(1).
 
 
 5
 The Supreme Court has construed section 1443(1) to contain two prerequisites. First, the rights protected must arise under federal laws which specifically protect civil rights and are cast in terms of racial equality. See Johnson v. Mississippi, 421 U.S. 213, 219 (1975); Colorado v. Lopez, 919 F.2d 131, 132 (10th Cir.1990). "A state court defendant's claim that 'prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination is insufficient for removal." Lopez, 919 F.2d at 132 (quoting Johnson, 421 U.S. at 219). "Second, it must appear 'that the removal petitioner is "denied or cannot enforce" the specified federal rights "in the courts of [the] State".' " Id. (quoting Johnson, 421 U.S. at 219). This requirement must be satisfied by specific allegations of fact. See generally 14A C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 3728 (2d ed.1985).
 
 
 6
 Defendants have not met either requirement of section 1443(1). They have not pled they will be unable to enforce specific civil rights relating to racial equality, and they have not shown that Oklahoma courts will not protect their rights under federal law. Accordingly, the district court order is AFFIRMED.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3