(Slip Opinion) OCTOBER TERM, 2020 1

Syllabus

NOTE: Where it is feasible, a syllabus (headnote) will be released, as is being done in connection with this case, at the time the opinion is issued. The syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader. See *United States* v. *Detroit Timber & Lumber Co.,* 200 U. S. 321, 337.

# SUPREME COURT OF THE UNITED STATES

Syllabus

## BP P. L. C. ET AL. *v.* MAYOR AND CITY COUNCIL OF BALTIMORE

### CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

No. 19–1189. Argued January 19, 2021—Decided May 17, 2021

Baltimore's Mayor and City Council (collectively City) sued various energy companies in Maryland state court alleging that the companies concealed the environmental impacts of the fossil fuels they promoted. The defendant companies removed the case to federal court invoking a number of grounds for federal jurisdiction, including the federal officer removal statute, 28 U. S. C. §1442. The City argued that none of the defendants' various grounds for removal justified retaining federal jurisdiction, and the district court agreed, issuing an order remanding the case back to state court. Although an order remanding a case to state court is ordinarily unreviewable on appeal, Congress has determined that appellate review is available for those orders "remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of [Title 28]." §1447(d). The Fourth Circuit read this provision to authorize appellate review only for the part of a remand order deciding the §1442 or §1443 removal ground. It therefore held that it lacked jurisdiction to review the district court's rejection of the defendants' other removal grounds.

*Held*: The Fourth Circuit erred in holding that it lacked jurisdiction to consider all of the defendants' grounds for removal under §1447(d). Pp. 4–14.

(a) The ordinary meaning of §1447(d)'s text permits appellate review of the district court's entire remand order when a defendant relies on §1442 or §1443 as a ground for removal. The relevant portion of §1447(d) provides that "an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal." The "order remanding a case" here rejected *all* of the defendants' grounds for removal because (subject to

exceptions not applicable here) the district court was not at liberty to remove the City's case from its docket until it determined that it lacked any authority to entertain the suit. See, *e.g., Carnegie-Mellon Univ.* v. *Cohill,* 484 U. S. 343, 356; see also *Sprint Communications, Inc.* v. *Jacobs,* 571 U. S. 69, 72 ("[C]ourts are obliged to decide cases within the scope of federal jurisdiction" assigned to them). And this case was removed "pursuant to" §1442 because the defendants relied on §1442 as a ground for removal when satisfying the requirements of §1446. It makes no difference that the defendants removed the case "pursuant to" *multiple* federal statutes. The general removal statute contemplates this possibility when it speaks of actions "removed *solely* under" the diversity jurisdiction statute. §1446(b)(2)(A) (emphasis added). And §1447(d) contains no comparable language limiting appellate review to cases removed *solely* under §1442 or §1443. The parties' dueling observations that Congress knows how to authorize appellate courts to review every issue in a remand order, see, *e.g.,* 18 U. S. C. §3595(c)(1), and that Congress also knows how to limit appellate review to particular "questions" rather than the whole "order," see, *e.g.,* 28 U. S. C. §1295(a)(7), confirms the wisdom of focusing on the language Congress *did* employ. The City's novel contention that the defendants never really removed the case pursuant to §1442 because no federal court here held that the statute indeed authorized removal is mistaken and has never been adopted by any court. Pp. 4–8.

(b) The Court's most analogous precedent, *Yamaha Motor Corp., U. S. A.* v. *Calhoun,* 516 U. S. 199, resolves any remaining doubt about the best reading of §1447(d). That case involved a dispute about the meaning of §1292(b)—a statute allowing a district court to certify "an order" to the court of appeals if it "involves a controlling question of law." The Court held that the statute's grant of appellate review for the "order," meant the entire order was reviewable, not just the part of the order containing the "controlling question of law." *Id.,* at 205. The City suggests that the statute's use of the word "involves" shows that the reviewable issues on appeal can be broader than the certified question. But nothing in *Yamaha* turned on the presence of the word "involves." Instead, as here, the Court focused on the statute's use of the word "order." The Court's decisions in *Murdock* v. *Memphis*, 20 Wall. 590, and *United States* v. *Keitel,* 211 U. S. 370, do not support the City because both decisions were driven by concerns unique to their statutory contexts; their reasoning is not easily generalizable to other jurisdictional statutes; and neither comes nearly as close to the mark as *Yamaha.* The Court's decisions in *Carlsbad Technology, Inc.* v. *HIF Bio, Inc.,* 556 U. S. 635, and *Thermtron Products, Inc.* v. *Hermansdorfer,* 423 U. S. 336—which *permitted* rather than foreclosed appellate review of certain remand orders—similarly do not help the

Syllabus

City's cause because they say nothing about the part of §1447(d) at issue today. Finally, the City argues that, when Congress amended §1447(d) to add the exception for federal officer removal under §1442 to the existing exception for civil rights cases under §1443, Congress ratified lower court decisions that had read the prior version of §1447(d) as permitting review only of the part of the remand order addressing §1443's civil rights removal ground. It is most unlikely that a smattering of lower court opinions could ever represent a "broad and unquestioned" judicial consensus that Congress must have been aware of and is presumed to have endorsed. *Jama* v. *Immigration and Customs Enforcement,* 543 U. S. 335, 349. And it certainly cannot do so where, as here, "the text and structure of the statute are to the contrary." *Id.,* at 352. Pp. 8–12.

(c) The City's policy arguments do not alter the result because "even the most formidable" policy arguments cannot "overcome" a clear statutory directive, *Kloeckner* v. *Solis,* 568 U. S. 41, 56, n. 4. While the City argues that allowing exceptions to the bar on appellate review of remand orders will impair judicial efficiency, that is the balance that Congress struck for cases removed pursuant to §1442 or §1443. And allowing full appellate review may actually help expedite some cases. The City's contention that the Court's reading of §1447(d) will invite defendants to frivolously add §1442 or §1443 to their other grounds for removal has already been addressed by other statutes and rules, such as §1447(c), which permits a district court to order a party to pay the costs and expenses of removal, and Federal Rule of Civil Procedure 11(b)–(c), which authorizes courts to sanction frivolous arguments. The Court declines to consider the merits of the defendants' removal grounds and remands for the Fourth Circuit to consider those matters in the first instance. Pp. 12–14.

952 F. 3d 452, vacated and remanded.

GORSUCH, J., delivered the opinion of the Court, in which ROBERTS, C. J., and THOMAS, BREYER, KAGAN, KAVANAUGH, and BARRETT, JJ., joined. SOTOMAYOR, J., filed a dissenting opinion. ALITO, J., took no part in the consideration or decision of the case.

NOTICE: This opinion is subject to formal revision before publication in the preliminary print of the United States Reports. Readers are requested to notify the Reporter of Decisions, Supreme Court of the United States, Washington, D. C. 20543, of any typographical or other formal errors, in order that corrections may be made before the preliminary print goes to press.

# SUPREME COURT OF THE UNITED STATES

No. 19–1189

BP P.L.C., ET AL., PETITIONERS *v.* MAYOR AND CITY COUNCIL OF BALTIMORE

ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

[May 17, 2021]

JUSTICE GORSUCH delivered the opinion of the Court.

This case began when Baltimore's mayor and city council sued various energy companies for promoting fossil fuels while allegedly concealing their environmental impacts. But the merits of that claim have nothing to do with this appeal. The only question before us is one of civil procedure: Does 28 U. S. C. §1447(d) permit a court of appeals to review any issue in a district court order remanding a case to state court where the defendant premised removal in part on the federal officer removal statute, §1442, or the civil rights removal statute, §1443?

I

Three years ago, Baltimore's mayor and city council (we refer to them collectively as the City) filed suit in Maryland state court. The City's complaint included a number of state-law causes of action, but most centered on the defendants' alleged failure to warn about the dangers of their products—and the injuries the City says it suffered as a result.

Soon after the City filed suit, the defendants removed the

case to federal court. In support of their action, the defendants invoked a variety of federal statutes. Most relevant for our purposes, they pointed to a provision that promises a federal forum for any action against an "officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office." 28 U. S. C. §1442(a)(1).

This statute authorized the removal of the City's suit, the defendants said, because some of their challenged exploration, drilling, and production operations took place at the federal government's behest. The companies also identified a number of other statutes that they believed independently supported removal: the federal-question statute, 28 U. S. C. §1331; the Outer Continental Shelf Lands Act, 92 Stat. 657, 43 U. S. C. §1349(b); the admiralty jurisdiction statute, 28 U. S. C. §1333; and the bankruptcy removal statute, 28 U. S. C. §1452.

Once the case arrived in federal court, the City filed a motion seeking to have it remanded back to state court. The City argued that none of the companies' grounds for removal justified retaining federal jurisdiction. In an extensive order, the district court reviewed each of the defendants' cited bases for removal before ultimately agreeing with the City and remanding the case to state court.

Normally that would have ended the matter. Since at least 1949, federal appellate courts have generally lacked the power to review a district court order remanding a case to state court. See Act of May 24, 1949, §84, 63 Stat. 102. But like most rules, this one has accrued exceptions with time. In the Civil Rights Act of 1964, Congress created an exception allowing appellate review for cases "'removed pursuant to'" 28 U. S. C. §1443, a provision that guarantees a federal forum for certain federal civil rights claims. See §901, 78 Stat. 266. So before a civil rights case is returned

to state court, a federal court of appeals usually *can* intervene to test the soundness of the district court's remand order.

In 2011, Congress added a similar exception for suits against federal officers or agencies removed pursuant to 28 U. S. C. §1442. See Removal Clarification Act, §2, 125 Stat. 545–546. Here, too, Congress has deemed it appropriate to allow appellate review before a district court may remand a case to state court. All told, then, the law as it stands today provides that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise." 28 U. S. C. §1447(d).

After the district court ordered the City's case remanded to state court, the defendants sought to appeal—and this much everyone seemed to agree they were free to do. After all, the defendants had relied on the federal officer removal statute found in §1442 when they removed the case to federal court—and the current version of §1447(d) permits an appeal in just these circumstances. The real trouble began only when it came to the scope of the defendants' appeal. The Fourth Circuit read §1447(d) as authorizing it to review only the *part* of the district court's remand order discussing §1442. As a result, the court of appeals refused to consider whether the district court may have erred when it rejected the defendants' other grounds for removal. Finding (only) the district court's §1442 analysis sound, the Fourth Circuit proceeded to affirm. 952 F. 3d 452 (2020).

This ruling highlighted a circuit split. The Seventh Circuit, for example, has reasoned that §1447(d) extends appellate review to the *whole* of an "'order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443.'" See *Lu Junhong* v. *Boeing Co.*, 792

F. 3d 805, 811 (2015).  On that reading of the statute, appellate review is not confined to a defendant's removal arguments under the federal officer and civil rights removal statutes.  Instead, a court of appeals may review the merits of all theories for removal that a district court has rejected.  Because the courts of appeals disagree over the scope of their appellate authority under §1447(d), we agreed to take this case to resolve the question.  591 U. S. ___ (2020).

## II
### A

When called on to interpret a statute, this Court generally seeks to discern and apply the ordinary meaning of its terms at the time of their adoption.  *Niz-Chavez* v. *Garland*, 593 U. S. ___, ___ (2021) (slip op., at 4).  Here, the relevant portion of §1447(d) provides that "an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal."

To our minds, the first telling clue lies in the statute's use of the term "order."  Whether we look to the time of §1447(d)'s adoption or amendment, a judicial "order" meant then what it means today: a "written direction or command delivered by . . . a court or judge."[1]  So an "order remanding a case" was (and is) a formal command from a district court returning the case to state court.  In this case, the district court's remand order rejected *all* of the defendants' grounds for removal.  For good reason too.  Normally, federal jurisdiction is not optional; subject to exceptions not relevant here, "courts are obliged to decide cases within the scope of federal jurisdiction" assigned to them.  *Sprint Communications, Inc.* v. *Jacobs*, 571 U. S. 69, 72 (2013).  So the district

_____

[1] Black's Law Dictionary 1322 (11th ed. 2019); see also *id*., at 1206 (9th ed. 2009); *id*., at 1247 (rev. 4th ed. 1968) ("Every direction of a court or judge made or entered in writing, and not included in a judgment"); *id*., at 1247 (4th ed. 1951) (same); *id*., at 1298 (3d ed. 1933) (same).

court wasn't at liberty to remove the City's case from its docket until it determined that it lacked any authority to entertain the suit. See, *e.g., Carnegie-Mellon Univ.* v. *Cohill*, 484 U. S. 343, 356 (1988). From this it would seem to follow that, when a district court's removal order rejects all of the defendants' grounds for removal, §1447(d) authorizes a court of appeals to review each and every one of them. After all, the statute allows courts of appeals to examine the whole of a district court's "order," not just some of its parts or pieces.

Of course, §1447(d) extends appellate review only to *some* orders—those remanding a "case . . . removed pursuant to section 1442 or 1443." But it's hard to see how that qualification changes the calculus. To remove a case, a defendant must comply with 28 U. S. C. §1446. Essentially, that statute requires the defendant to provide affected parties and courts with a notice stating its grounds for removal. §§1446(a), (d). The combination of these actions "effect[s] the removal." §1446(d). To remove a case "pursuant to" §1442 or §1443, then, just means that a defendant's notice of removal must assert the case is removable "in accordance with or by reason of" one of those provisions.[2] Here, everyone admits the defendants' notice of removal did just that by citing §1442 as one of its grounds for removal. Once that happened and the district court ordered the case remanded to state court, the whole of its order became reviewable on appeal.

Nor does it matter if (as here) a defendant removes a case "pursuant to" *multiple* federal statutes. Often enough, parties act pursuant to a variety of legal authorities. A crimi-

---

[2] Black's Law Dictionary, at 1401 (rev. 4th ed. 1968); *id.*, at 1401 (4th ed. 1951); see also *SAS Institute, Inc.* v. *Iancu*, 584 U. S. \_\_\_, \_\_\_ (2018) (slip op., at 7) ("in accordance with"); Black's Law Dictionary, at 1493 (11th ed. 2019) ("[i]n compliance with; in accordance with; under"; "[a]s authorized by").

nal defendant may suggest he is eligible for sentencing relief pursuant to multiple provisions. *E.g., Pepper* v. *United States*, 562 U. S. 476, 481, n. 1 (2011). A civil litigant might file a complaint pursuant to more than one statute. *E.g., Rimini Street, Inc.* v. *Oracle USA, Inc.*, 586 U. S. ___, ___ (2019) (slip op., at 2). Likewise, a party may assert multiple grounds for removing a case to federal court—as the defendants did here. Indeed, the general removal statute contemplates just this possibility when, in contrast, it speaks of actions "removed *solely* under" the diversity jurisdiction statute. §1446(b)(2)(A) (emphasis added). Yet, the particular provision at issue before us does not contain any comparable language like that limiting appellate review *solely* to issues under §1442 or §1443. Instead and again, §1447(d) permits appellate review of the district court's remand order—without any further qualification.

B

How does the City reply? It suggests that exceptions to statutory rules should be construed narrowly—and that our reading of §1447(d)'s exception to its general rule against appellate review is too permissive.

We disagree. As a preliminary matter, the factual premise underlying the City's argument is surely contestable. One might just as easily conceive of §1447(d)'s usual rule barring appellate review as *itself* an exception to the even more general rule that final district court orders are appealable under 28 U. S. C. §1291. More fundamentally, the City's legal premise is also in error. This Court has "'no license to give statutory exemptions anything but a fair reading.'" *Food Marketing Institute* v. *Argus Leader Media*, 588 U. S. ___, ___ (2019) (slip op., at 11) (brackets omitted). Exceptions and exemptions are no less part of Congress's work than its rules and standards—and all are worthy of a court's respect. That a law might temper its pursuit of one

goal by accommodating others can come as no surprise. Often legislation becomes possible only because of such compromises. Often lawmakers tread in areas fraught with competing social demands where everyone agrees trade-offs are required. Whatever the reason for a legislative compromise, we have no right to place our thumbs on one side of the scale or the other. *Henson* v. *Santander Consumer USA Inc.*, 582 U. S. \_\_\_, \_\_\_ (2017) (slip op., at 9).

Alternatively, the City suggests that, if Congress had wanted appellate courts to review every issue in a remand order, it would have said as much. Sometimes, the City observes, Congress does exactly that, expressly directing courts to resolve "all" legal issues in certain cases. See Brief for Respondent 21 (citing 18 U. S. C. §3595(c)(1); 5 U. S. C. §1508; 38 U. S. C. §7104(a); and 33 U. S. C. §1320(f)). But the defendants remind us that Congress also knows how to limit appellate review to particular "questions" rather than the whole of a district court's "order"; sometimes it does just that too. See Brief for Petitioners 18 (citing 28 U. S. C. §1295(a)(7); 38 U. S. C. §7292(b)(1); 42 U. S. C. §8514(a)(2); 52 U. S. C. §30110; 28 U. S. C. §1254(2); 50 U. S. C. §1803(j)). In the end, all of the parties' fencing about language Congress *didn't* use persuades us of only one thing— that we are best served by focusing on the language it *did* employ.

All of which leaves the City to offer a different argument from a new direction. Now, the City contends, the defendants never really removed this case pursuant to §1442. On this account, a case is not "removed pursuant to section 1442 or 1443" until a federal court (district or appellate) holds that one of these statutes authorizes removal. Because that never happened here, the City reasons, the defendants were not entitled to *any* appellate review. But this argument isn't only novel—the City didn't pursue it below and no court of appeals has adopted it. It is also mistaken. As we've seen, it is generally a defendant's actions under

§1446 that "effect the removal." Once a defendant complies with §1446, a state court may not proceed "further unless and until the case is remanded." 28 U. S. C. §1446(d). That's why normally it's the plaintiff who must seek judicial intervention if it wishes to have the matter remanded to state court—just as the City did here.

### III
### A

To the extent any doubt remains about how best to read §1447(d), we believe our most analogous precedent resolves it. In *Yamaha Motor Corp., U. S. A.* v. *Calhoun*, 516 U. S. 199, 204 (1996), this Court faced a dispute about the meaning of 28 U. S. C. §1292(b). That statute allows a district court to certify "an order" to the court of appeals if it "involves a controlling question of law as to which there is substantial ground for difference of opinion," and if "an immediate appeal from the order may materially advance the ultimate termination of the litigation." In *Yamaha*, the Court asked the parties to address whether §1292(b) authorizes appellate courts to review any question contained in the district court's order—or whether it allows those courts to address only the "controlling question of law" the district court certified for further review.

The answer there is telling here. The Court held that, "[a]s the text of §1292(b) indicates, appellate jurisdiction applies to the *order* certified to the court of appeals, and is not tied to the particular question formulated by the district court." 516 U. S., at 205. Although appellate courts "may not reach beyond the certified order to address other orders made in the case," they "may address any issue fairly included within the certified order because it is the *order* that is appealable, and not the controlling question identified by the district court." *Ibid.* (internal quotation marks omitted). Exactly the same might be said of our case: "[B]ecause it is the [district court's removal] *order* that is appealable,"

a court of appeals "may address any issue fairly included within" it. *Ibid.* (internal quotation marks omitted).

The City seeks to distinguish *Yamaha* but we don't see how we fairly might. The City observes that §1292(b) allows an appeal from an order that "involves" a controlling question of law. By using the word "involves," the City submits, Congress sought to make plain that the reviewable issues on appeal can be broader than the certified controlling question of law. And, the City stresses, the word "involves" does not appear in §1447(d). But that is beside the point. Nothing in *Yamaha* turned on the presence of the word "involves" in §1292(b). Instead, the Court's reasoning centered on the statute's use of the word "order." By allowing appellate courts to review a district court's "order," the Court explained, Congress had allowed review of any issue fairly encompassed within it. That reasoning applies with no less force here.

## B

If *Yamaha* does much to undermine its argument, the City seeks to draw support from other of this Court's cases. Principally, it points to *Murdock* v. *Memphis*, 20 Wall. 590 (1875), and *United States* v. *Keitel*, 211 U. S. 370 (1908). But both decisions were driven by concerns unique to their statutory contexts; their reasoning is not easily generalizable to other jurisdictional statutes; and neither comes nearly as close to the mark as *Yahama*.

Start with *Murdock*. That case involved 28 U. S. C. §1257, a statute permitting this Court to review certain state court "judgments or decrees." Concerned with the constitutional implications of allowing federal courts to review questions of state law, the Court in *Murdock* construed the statute as authorizing this Court to examine only issues of federal law contained within state court judgments and decrees. See 20 Wall., at 630–632. Along the way, the Court took pains to reserve the question whether Congress

could ever authorize this Court to review matters of state law already definitively resolved by state courts. *Id.,* at 633. By contrast, no comparable concern with the Constitution's federal structure exists here. At some level, of course, removal practices implicate questions of comity between federal and state authorities. But today we are asked to decide only whether a federal court of appeals may review one or many federal law rulings issued by an inferior federal court. That comparatively humble question lies nowhere near *Murdock*'s bounds.

*Keitel* involved the now-repealed Criminal Appeals Act. That law authorized the government to appeal adverse criminal "decision[s] or judgment[s]" based on certain enumerated grounds, such as the invalidity of a federal statute. See ch. 2564, 34 Stat. 1246. For its part, the Court held that this language allowed the government to appeal only the statutorily enumerated questions. 211 U. S., at 398–399. Like *Murdock*, the Court in *Keitel* rested heavily on the statute's context in reaching its conclusion. A new entitlement allowing the government to appeal an adverse criminal judgment was, in the Court's view, "exceptional." 211 U. S., at 399. Meanwhile, here again, nothing in our case implicates that concern.

Closer to home, the City directs our attention to *Carlsbad Technology, Inc.* v. *HIF Bio, Inc.*, 556 U. S. 635, 638 (2009), and *Thermtron Products, Inc.* v. *Hermansdorfer*, 423 U. S. 336, 345–346 (1976). Those cases addressed the first clause of §1447(d), which generally bars appellate review of remand orders. *Carlsbad* and *Thermtron* held this bar applies only to remand orders premised on a lack of subject matter jurisdiction or a defect in removal procedure; other remand orders remain appealable. See *Carlsbad*, 556 U. S., at 638. The Court said this conclusion was necessary to make sense of §1447(d)'s interaction with §1447(c). See *id.,* at 638.

None of this, however, helps the City's cause. Some have

questioned *Carlsbad* and *Thermtron*. See, *e.g.*, 556 U. S., at 642 (Stevens, J., concurring); *id.*, at 642–643 (Scalia, J., concurring); *Kakarala* v. *Wells Fargo Bank, N. A.*, 578 U. S. 914 (2016) (THOMAS, J., dissenting from denial of certiorari). But even taken on their own terms, both decisions *permitted* rather than foreclosed appellate review of certain remand orders. And the fact that this Court deemed certain orders appealable under the statute's first clause simply does not settle, one way or another, the scope of appellate review under the statute's second clause.

Having exhausted our cases, the City seeks support in lower court decisions. It draws our attention to 2011 when Congress amended §1447(d) to authorize appellate review of remand orders in cases removed under the federal officer statute. By that time, the City says, a number of courts of appeals had already interpreted the prior version of §1447(d) that allowed appeals from remand orders in cases removed under the Civil Rights Act. And many of those courts had read §1447(d) as permitting them to review only the part of a remand order addressing the civil rights removal ground. From this fact, the City reasons, it follows that Congress implicitly ratified and endorsed parallel limits on appellate review when it adopted its 2011 amendments.

Again, we do not see it. It seems most unlikely to us that a smattering of lower court opinions could ever represent the sort of "judicial consensus so broad and unquestioned that we must presume Congress knew of and endorsed it." *Jama* v. *Immigration and Customs Enforcement*, 543 U. S. 335, 349 (2005). And it certainly cannot do so where, as here, "the text and structure of the statute are to the contrary." *Id.,* at 352. This Court bears no "warrant to ignore clear statutory language on the ground that other courts have done so." *Milner* v. *Department of Navy*, 562 U. S. 562, 576 (2011). Our duty is to follow the law as we find it, not to follow rotely whatever lower courts once might have said

about it.

Separately, the City worries that our interpretation might upset lower court decisions on a *different* question. The City points out that, when a district court remands a case, it may require the defendant to pay certain of the plaintiff's fees and costs.  See 28 U. S. C. §1447(c).  While §1447(d) generally precludes appellate review of remand orders, many lower courts have suggested that these §1447(c) fee and cost awards are nonetheless reviewable on appeal. The City contends that our reading of §1447(d) could put an end to all that.  It could, the City reasons, because if an "order remanding a case" really means the whole order, then the statute may bar appellate review of fee and cost awards contained within those orders.  That much, however, does not necessarily follow.  Often enough fee and cost awards are treated as collateral to the merits and independently appealable.  See, *e.g., Budinich* v. *Becton Dickinson & Co.*, 486 U. S. 196, 200 (1988).  In any event, the question is not presented in this case and we do not purport to resolve it.

IV

The City concludes by asking us to consider the policy consequences that follow from giving the text its ordinary meaning.  Barring appellate review of remand orders, the City says, serves the worthy goal of allowing the parties to get on with litigating the merits of their cases in state court. Meanwhile, the City submits, allowing exceptions to this rule promises only to impair that efficiency interest.

The difficulties with this argument are by now familiar. As this Court has explained, "even the most formidable" policy arguments cannot "overcome" a clear statutory directive. *Kloeckner* v. *Solis*, 568 U. S. 41, 56, n. 4 (2012).  Besides, everyone agrees that the statute tempers its obvious concern with efficiency when it comes to cases removed pursuant to §1442 or §1443.  For that subset of cases, Congress

has expressed a heightened concern for accuracy, authorized appellate review, and accepted the delay it can entail. The fact that the law as written allows appellate courts to examine *all* (and not just *some*) removal grounds in these cases perhaps just demonstrates, as Judge Easterbrook has suggested, a congressional judgment that the "marginal delay from adding . . . extra issue[s] to a case where the time for briefing, argument, and decision has already been accepted is likely to be small." See *Lu Junhong*, 792 F. 3d, at 813.

In fact, allowing a fuller form of appellate review may actually help expedite some appeals. Suppose a court of appeals finds the §1442 or §1443 issue a difficult and close one, but believes removal is clearly and easily warranted on another basis. Allowing the court to address that easier question and avoid harder ones may facilitate a prompter resolution of the proceeding for all involved. At the least, a rational Congress could have thought that considerations like these warranted allowing a court of appeals the power to review the whole of a district court's remand order rather than just certain select aspects of it.

That leaves the City to argue about different consequences. It warns that our interpretation will invite gamesmanship: Defendants may frivolously add §1442 or §1443 to their other grounds for removal, all with an eye to ensuring appellate review down the line if the case is remanded. But the answers here too are familiar. Once more, this Court's task is to discern and apply the law's plain meaning as faithfully as we can, not "to assess the consequences of each approach and adopt the one that produces the least mischief." *Lewis* v. *Chicago*, 560 U. S. 205, 217 (2010).

Nor is it as if Congress has been blind to the City's concerns. As the City itself acknowledges, thanks to §1447(c) a district court may order a defendant to pay the plaintiff's costs and expenses (including attorney's fees) if it frivolously removes a case from state court. Additionally, the

Federal Rules of Civil Procedure allow courts to sanction frivolous arguments made in virtually any context. Rules 11(b)–(c). Congress, thus, has already addressed the City's concerns in *other* statutes and rules—just not in §1447(d). To the extent that experience may prove these other measures insufficient, Congress is of course free to revise its work anytime. But that forum, not this one, is the proper place for such lawmaking.

\*

The Fourth Circuit erred in holding that it was powerless to consider all of the defendants' grounds for removal under §1447(d). In light of that error, the defendants ask us to consider some of those additional grounds ourselves. That task, however, does not implicate the circuit split that we took this case to resolve and we believe the wiser course is to leave these matters for the Fourth Circuit to resolve in the first instance. See *Brownback* v. *King*, 592 U. S. \_\_\_, \_\_\_, n. 4 (2021) (slip op., at 5, n. 4). The judgment of the Fourth Circuit is vacated, and the case is remanded for further proceedings consistent with this opinion.

*So ordered.*

JUSTICE ALITO took no part in the consideration or decision of this case.

# SUPREME COURT OF THE UNITED STATES

_____

No. 19–1189

_____

## BP P.L.C., ET AL., PETITIONERS *v.* MAYOR AND CITY COUNCIL OF BALTIMORE

ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

[May 17, 2021]

JUSTICE SOTOMAYOR, dissenting.

Civil defendants in state court may remove a case to federal district court by asserting one or more bases for federal jurisdiction. If the district court concludes that the case was improperly removed, it issues an order remanding the case back to state court. For more than a century, the rule has been that such remand orders are generally not subject to appellate review. See *In re Pennsylvania Co.*, 137 U. S. 451, 453–454 (1890). This rule, codified at 28 U. S. C. §1447(d), "reflects Congress's longstanding policy of not permitting interruption of the litigation of the merits of a removed case by prolonged litigation of questions of jurisdiction of the district court to which the cause is removed." *Powerex Corp.* v. *Reliant Energy Services, Inc.*, 551 U. S. 224, 238 (2007) (internal quotation marks omitted).

Originally, there were no exceptions to §1447(d)'s bar on appellate review. See §1447(d) (1946 ed., Supp. III). Then, as part of the Civil Rights Act of 1964, Congress created appellate jurisdiction over "'order[s] remanding a case to the State court from which it was removed pursuant to section 1443,'" the civil rights removal statute. §901, 78 Stat. 266, 28 U. S. C. §1447(d) (1964 ed.). In 2011, Congress extended this exception to cases removed pursuant to §1442, the federal officer removal statute. See §1447(d) (2012 ed.).

The Court today holds that a defendant who invokes either §1442 or §1443 when removing a case to federal court is entitled to appellate review of not just those grounds, but also any other grounds for removal the defendant asserts. I disagree. That interpretation lets defendants sidestep §1447(d)'s bar on appellate review by shoehorning a §1442 or §1443 argument into their case for removal. In other words, it lets the exception swallow the rule. Furthermore, when Congress amended §1447(d) to permit appellate review of decisions under §1442, every Court of Appeals to have addressed the question interpreted §1447(d) to permit appellate review of arguments under §1443 only, not of other arguments for removal addressed in the same order. If Congress wanted to disturb that consensus, it would have said so. I respectfully dissent.

I

Section 1447(d) permits appellate review of "an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443." Everyone agrees how this provision operates in two scenarios. First, if a defendant removes a suit to federal court without invoking either §1442 or §1443, appellate courts may not review the district court's remand order. Second, if a defendant removes a suit solely under §1442 or §1443, appellate review is available for the remand order addressing that single ground for removal.

But what if a defendant removes a case to federal court on multiple grounds, only one of which is §1442 or §1443? Section 1447(d) does not speak clearly to that scenario. In some statutes, Congress takes care to specify when it means "this and only this ground." See, *e.g.,* §1446(b)(2)(A) (addressing civil actions "removed solely under section 1441(a)"). Other times, Congress makes clear that reliance on a certain ground even "in part" will suffice. See, *e.g.,*

§1295(a)(2) (providing for jurisdiction in the Court of Appeals for the Federal Circuit over certain district court decisions "if the jurisdiction of that court was based, in whole or in part, on section 1346 of this title").  Section 1447(d) contains neither kind of clarifying language, leaving uncertain how the provision applies to cases that are not removed under §1442 or §1443 alone.  See *Board of Cty. Comm'rs of Boulder Cty.* v. *Suncor Energy (U. S. A.) Inc.*, 965 F. 3d 792, 805 (CA10 2020) (Section 1447(d) "does not expressly contemplate the situation in which removal is done pursuant to one of these sections *and* other grounds" (internal quotation marks omitted)).

There are three possible ways forward.  The first possibility is that §1447(d) permits appellate review of any asserted basis for removal so long as the suit was removed in part pursuant to §1442 or §1443.  That is the interpretation urged by petitioners and adopted by the Court today.  See *ante,* at 5–6.  The problem with this interpretation is that it stretches the exception in §1447(d) too far.  It allows defendants to bootstrap their entire case for removal into the court of appeals simply by tacking on an argument under §1442 or §1443.  Indeed, under this interpretation, a defendant could formally abandon its argument under §1442 or §1443 and seek an appeal exclusively of other grounds for removal.  See Tr. of Oral Arg. 34–36, 40–41.  That bizarre outcome, inexplicable in light of the manifest objective of limiting the exceptions in §1447(d), cautions heavily against this interpretation.

Another possibility is that a suit removed pursuant to multiple grounds is not a suit removed pursuant to §1442 or §1443 at all, meaning no appellate review whatsoever is available under §1447(d).  For good reason, no one advocates this interpretation.  Such a rule would certainly avoid prolonged disputes about whether a case belongs in state or federal court, but only by denying appellate review for claims of jurisdiction under the federal-officer and civil-

rights removal statutes.  That result is hard to square with Congress' express directive that such claims get a second look.

The third possibility is that §1447(d) allows appellate review of a defendant's assertion of removal jurisdiction under the federal-officer or civil-rights removal statute alone. Any other grounds for removal would remain subject to §1447(d)'s bar on appellate review.  This interpretation best accords with "Congress's longstanding policy of not permitting interruption of the litigation of the merits of a removed case" with lengthy jurisdictional disputes, *Powerex Corp.*, 551 U. S., at 238 (internal quotation marks omitted), while still allowing review of the two grounds Congress carved out for special treatment.  It also follows this Court's usual policy of construing both statutory exceptions and procedures for removal narrowly.  See *Maracich* v. *Spears*, 570 U. S. 48, 60 (2013) (Statutory exceptions are to be "narrowly [construed] in order to preserve the primary operation of the provision" (internal quotation marks omitted)); *Syngenta Crop Protection, Inc.* v. *Henson,* 537 U. S. 28, 32 (2002) ("[S]tatutory procedures for removal are to be strictly construed" out of respect for state sovereignty).

Over the course of several decades, eight Courts of Appeals (every one to consider the question) adopted this third view of §1447(d).\* See, *e.g., Patel* v. *Del Taco, Inc.*, 446 F. 3d 996, 998 (CA9 2006); *Alabama* v. *Conley*, 245 F. 3d 1292, 1293, n. 1 (CA11 2001) (*per curiam*); *Thornton* v. *Holloway*, 70 F. 3d 522, 524 (CA8 1995); *State Farm Mut. Auto Ins. Co.* v. *Baasch*, 644 F. 2d 94, 96–97 (CA2 1981) (*per curiam*); *Detroit Police Lieutenants and Sergeants Assn.* v. *Detroit,*

---

\*The Tenth Circuit had also reached this conclusion prior to Congress amending §1447(d), albeit in an unpublished opinion.  See *Sanchez* v. *Onuska*, 2 F. 3d 1160 (Table), 1993 WL 307897, \*1 (1993) (*per curiam*). The Tenth Circuit has since reaffirmed that holding in a published opinion.  See *Board of Cty. Comm'rs of Boulder Cty.* v. *Suncor Energy (U. S. A.) Inc.*, 965 F. 3d 792, 802, n. 6 (2020).

597 F. 2d 566, 567–568 (CA6 1979) (*per curiam*); *Noel* v. *McCain*, 538 F. 2d 633, 635 (CA4 1976); *Robertson* v. *Ball*, 534 F. 2d 63, 65–66 (CA5 1976) (*per curiam*); *Pennsylvania ex rel. Gittman* v. *Gittman*, 451 F. 2d 155, 156–157 (CA3 1971) (*per curiam*).

Congress legislated against the backdrop of this consensus when, in 2011, it amended §1447(d) to extend its appellate-review exception, which previously applied to §1443 alone, to cover §1442 as well. Critically, Congress did not amend the remainder of the provision. Instead, it simply added the words "1442 or." See Removal Clarification Act, 125 Stat. 546. Had Congress disagreed with the settled interpretation of §1447(d), it presumably would have done something about it.

The Court dismisses the possibility of congressional ratification by characterizing an unbroken line of decisions from two-thirds of the Courts of Appeals spanning nearly half a century as "a smattering of lower court opinions." *Ante,* at 11. I would not assume that so many decisions reaching the same conclusion over such a long period were beneath Congress' notice. "'If a word or phrase has been given a uniform interpretation by inferior courts, a later version of that act perpetuating the wording is presumed to carry forward that interpretation.'" *Texas Dept. of Housing and Community Affairs* v. *Inclusive Communities Project, Inc.*, 576 U. S. 519, 536 (2015) (quoting A. Scalia & B. Garner, Reading Law: The Interpretation of Legal Texts 322 (2012); ellipses omitted). That Congress did not disturb the prevailing interpretation of §1447(d) is a compelling reason this Court should not either.

## II

The Court sees things differently. In its view, it "does [not] matter" whether "a defendant removes a case 'pursuant to' multiple federal statutes" or just one. *Ante*, at 5.

Either way, §1447(d) grants the court of appeals jurisdiction over the "order" remanding the case back to state court. According to the Court, once the court of appeals takes jurisdiction over an order, it necessarily takes jurisdiction over all grounds for removal encompassed within it.

In support of this theory, the Court looks to *Yamaha Motor Corp., U. S. A.* v. *Calhoun*, 516 U. S. 199 (1996). That case concerned 28 U. S. C. §1292(b), a distinct statute that permits appellate review of an interlocutory "order not otherwise appealable" if the district court certifies that the order "involves a controlling question of law as to which there is substantial ground for difference of opinion." §1292(b). Looking to "the text of §1292(b)," the *Yamaha* Court determined that, having taken jurisdiction over a §1292(b) order, a court of appeals may reach any issue fairly encompassed within it. 516 U. S., at 205. In the Court's view today, *Yamaha* means that appellate review of a remand order under §1447(d) must likewise be plenary.

*Yamaha* does not do the work the Court says it does. Section 1292(b) provides that an interlocutory order is appealable if it merely "involves" a certified issue. There was thus no question in *Yamaha* that §1292(b) accounts for certified orders that address multiple issues, some of which are not "controlling question[s] of law as to which there is substantial ground for difference of opinion." §1292(b). Section 1447(d) lacks comparable language about what happens when a party removes a case on multiple grounds. That is precisely what makes it ambiguous.

The Court is left with the premise that appellate jurisdiction over an order (as with a judgment, decree, or sentence) usually means jurisdiction over all legal issues addressed within it. *Ante,* at 5–6. I agree that this premise will often hold true. But not always, as the Court itself recognizes. See *ante,* at 9–10 (discussing *Murdock* v. *Memphis*, 20 Wall. 590 (1875), and *United States* v. *Keitel*, 211 U. S. 370

(1908)). Context matters. To recap, in 1964, Congress created a limited exception for claims of removal under §1443 to what had long been an absolute prohibition on appellate review of remand orders. After nearly half a century of courts interpreting that exception narrowly, Congress extended the exception to §1442 without otherwise amending §1447(d). Section 1447(d) only unambiguously permits appellate review over remand orders that are based solely on one of those two grounds. Granting defendants appellate review of other grounds of removal whenever they tack on an argument under §1442 or §1443 would allow the exception to trump the rule. In these circumstances, the Court should seek an interpretation of §1447(d) that not only respects its carveout for arguments under §1442 and §1443 but also preserves its general bar on appellate review.

## III

Unfortunately, I fear today's decision will reward defendants for raising strained theories of removal under §1442 or §1443 by allowing them to circumvent the bar on appellate review entirely. Look no further than this case. In 2018, the Mayor and City Council of Baltimore sued petitioners for allegedly concealing the connection between fossil fuels and climate change. Petitioners listed eight grounds for removal to federal court, including §1442. But petitioners now ask only for a ruling that removal was proper under §1441(a) (*i.e.,* federal-question jurisdiction). Had petitioners relied solely on §1441(a) before the District Court, as they do now, no one disputes their argument would be unreviewable on appeal.

Not to worry, petitioners assure us: The threat of sanctions will sufficiently deter gamesmanship. While sanctions help ward off egregious misconduct, they are no failsafe. See, *e.g., Martin* v. *Franklin Capital Corp.*, 546 U. S. 132, 141 (2005) ("Absent unusual circumstances, courts may award attorney's fees under §1447(c) only where the

removing party lacked an objectively reasonable basis for seeking removal"). A federal-officer claim can be so weak it is not worth pursuing on appeal, but not so meritless as to warrant sanctions. Again, look to this case. Petitioners no longer advance their argument under §1442, calling it only "substantial." Brief for Petitioners 35. Yet that argument somehow opens a back door to appellate review that would otherwise be closed to them. Meanwhile, Baltimore, which has already waited nearly three years to begin litigation on the merits, is consigned to waiting once more.

\*    \*    \*

Section 1447(d) places "broad restrictions on the power of federal appellate courts to review district court orders remanding removed cases to state court." *Things Remembered, Inc.* v. *Petrarca*, 516 U. S. 124, 127 (1995). After today's decision, defendants can sidestep these restrictions by making near-frivolous arguments for removal under §1442 or §1443. Congress, of course, can amend §1447(d) to make even clearer that appellate review of a district court remand order extends to only §1442 or §1443. Because I believe §1447 already bears that meaning, I respectfully dissent.