**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 25-1025**

_____

UNDER SEAL 1,

        Plaintiff - Appellee,

    v.

UNDER SEAL 2,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the District of Maryland, at Baltimore. James K. Bredar, Senior District Judge.  (1:24-cv-02000-JKB)

_____

Submitted:  March 25, 2025                          Decided:  April 18, 2025

_____

Before KING and RUSHING, Circuit Judges, and TRAXLER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Under Seal 2, Appellant Pro Se.  David Saul Finkler, Assistant Attorney General, OFFICE OF THE ATTORNEY GENERAL OF MARYLAND, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Under Seal 2 seeks to appeal the district court's orders granting Under Seal 1's motion to remand and denying Under Seal 2's motion to reconsider. Preliminarily, we grant Under Seal 2's pending motions to seal. Our review of the record leads us to conclude that we have jurisdiction over this appeal only to the extent that Under Seal 2 seeks to appeal the denial of the motion to reconsider.

Under Seal 2 filed the motion to reconsider 56 days after issuance of the remand order, and the notice of appeal was not filed until after the district court ruled on the reconsideration motion. Because Under Seal 2 filed the motion to reconsider more than 28 days after the district court issued the remand order, this appeal does not encompass the propriety of the remand order. *See* Fed. R. App. P. 4(a)(4)(A)(vi); *Fed. Trade Comm'n v. Ross*, 74 F.4th 186, 190 (4th Cir. 2023) ("[A]n appeal of a district court's denial of [Fed. R. Civ. P.] 60(b) relief does not bring up the underlying judgment for review." (internal quotation marks omitted)), *cert. denied*, 144 S. Ct. 693 (2024); *MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277-78 (4th Cir. 2008) (explaining that motions to reconsider are categorized based on when they are filed). The appeal is timely, however, as to the denial of the motion to reconsider. And because Under Seal 2 cited 28 U.S.C. § 1442 and § 1443 in the notice of removal, 28 U.S.C. § 1447(d) does not strip us of jurisdiction over the appeal. *See BP P.L.C. v. Mayor & City Council of Balt.*, 141 S. Ct. 1532, 1538 (2021) (explaining that when a notice of removal cites § 1442 or § 1443, "the whole of [the remand] order [is] reviewable on appeal" or otherwise).

For the same reason, the district court erred in finding it lacked jurisdiction to reconsider its order remanding the case to state court. *See id.* Nonetheless, our review of the record leads us to conclude that the district court did not abuse its discretion by denying Under Seal 2's motion to reconsider on the alternative ground that the motion failed on the merits. *See Liberty Mut. Ins. Co. v. Atain Spec. Ins. Co.*, 126 F.4th 301, 306 n.7 (4th Cir. 2025) (explaining that "our review is not limited to the grounds the district court relied upon, and we may affirm on any basis fairly supported by the record" (cleaned up)), *as amended* (Jan. 16, 2025).

We therefore affirm the district court's order denying reconsideration. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*