# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 7, 2022

Lyle W. Cayce
Clerk

No. 21-30632

Teddy Ballard; Rachal Ballard,

*Plaintiffs—Appellees*,

*versus*

Hilcorp Energy Company; Facilities Automation of Lafayette, L.L.C.,

*Defendants—Appellants*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:19-CV-1338

Before Higginbotham, Higginson, and Oldham, *Circuit Judges*.
Stephen A. Higginson, *Circuit Judge*:*

## I.

## A.

The present matter begins with an allision occurring on July 6, 2019. Plaintiffs Teddy Ballard and Rachal Ballard were traveling in their private

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-30632

watercraft[1] along a navigable inland waterway known as the "Orange Barrel Bayou" between the Atchafalaya Basin and Duck Lake in Louisiana. Teddy Ballard was piloting the boat, with Rachal Ballard as his passenger, when the boat allided with a wellhead owned by Defendant Hilcorp Energy Company ("Hilcorp"). Defendant Facilities Automation of Lafayette L.L.C. ("Facilities"), was retained by Hilcorp to maintain and inspect the navigational aid lights located on Hilcorp's wellhead.

B.

On September 19, 2019, the Ballards filed a petition for damages in the 16th Judicial District Court for the Parish of St. Martin, Louisiana against Hilcorp. In their suit, the Ballards asserted claims for serious bodily injury and disability, anguish, embarrassment, pain, suffering and mental anguish. The Ballards' petition pleads the right to jury trial. On October 11, 2019, Hilcorp timely filed a notice of removal to the United States District Court for the Western District of Louisiana on the basis of diversity jurisdiction.[2] The case was removed on October 15, 2019, under 28 U.S.C. §1447(b).

Nearly 11 months later on August 25, 2020, Rachal Ballard filed for leave to file an amended complaint to add Facilities as a defendant. According to Rachal Ballard, she was spurred to add Facilities as a defendant when she "learned that the wellhead at issue in this matter . . . was equipped with a navigational aid light that was on or near said wellhead. . . . [and that] Hilcorp

---

[1] Deposition testimony of Teddy Ballard reveals that the Ballards were traversing the waterway in their 16-foot Triton flat-boat, powered by a 90-horsepower outboard, at approximately 8:45 PM. Mr. Ballard also revealed that he had never previously driven a watercraft on the Orange Barrel Bayou before.

[2] Hilcorp is incorporated under the laws of the State of Delaware, with its principal place of business in Texas. The Ballards are citizens of the State of Louisiana, domiciled in St. Mary Parish, Louisiana.

No. 21-30632

Energy Company, employed Facilities Automation of Lafayette to inspect and/or maintain the navigational aid light for the wellhead at issue." Hilcorp had no objection to the amendment of the complaint at the time the motion was filed. Rachal Ballard acknowledged that "adding Facilities Automation as a defendant [would] destroy diversity jurisdiction," however she stated that "remand [was] not necessary because [the court] *may* exercise jurisdiction on other grounds . . . . pursuant to 28 U.S.C. § 1333(1)." The district court granted the motion to amend the following day.

## C.

On August 17, 2021, the Ballards filed a motion to remand the lawsuit to state court, alleging that "[a]t the time the amendment was sought, Facilities Automation was described as a domestic limited liability company, but the citizenship of its member(s) was unknown and not pled." However, the Ballards claimed that they had since "come to learn" that Facilities was a citizen of Louisiana. Accordingly, they asserted there was "no longer complete diversity between the parties," and the court now lacked "subject matter jurisdiction," requiring the mater to "be remanded back to the state court."

A Magistrate Judge ("MJ") held a hearing on the motion to remand on September 13, 2021. During the hearing the Ballards' counsel asserted that the Ballards were "perfectly happy . . . [proceeding] in federal court," but that the court no longer had jurisdiction. Moreover, counsel acknowledged that he had previously erred when he argued that the federal court could continue to assert admiralty jurisdiction because "you can't maintain jurisdiction after there's been destruction of diversity under maritime [law]."

Ultimately, the MJ concluded that "[i]f Plaintiffs continue[d] in their jury demand . . . Plaintiffs' motion [should] be granted and the case be

No. 21-30632

remanded to the Sixteenth Judicial District Court for the Parish of St. Martin, Louisiana from which it was removed." Following a hearing on the matter, the district court found that "the Court now lack[ed] subject matter jurisdiction over Plaintiffs' claims" and the matter should "be remanded back to the state court." Accordingly, the district court granted the motion and remanded the case back to the 16th Judicial District Court for the Parish of St. Martin. Hilcorp timely filed its notice of appeal on October 8, 2021.

## II.

The district court's order remanding this case to state court necessitates our court's consideration of its own jurisdiction over the matter. "This Court must examine the basis of its jurisdiction, on its own motion, if necessary." *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987) (per curiam). "[N]o action of the parties can confer subject-matter jurisdiction upon a federal court." *Ins. Corp. of Ir. Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982). Furthermore, "[s]ubject-matter jurisdiction can never be waived or forfeited." *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

"An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise." 28 U.S.C. § 1447(d); *see also Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 290 (5th Cir. 2020) (en banc) ("[A]n order remanding a case to state court is not generally reviewable . . . ."); *Grace Ranch, L.L.C. v. BP Am. Prod. Co.*, 989 F.3d 301, 310 (5th Cir. 2021) ("Congress has directed that an order remanding a case to the State court from which it was removed is not reviewable on appeal." (cleaned up)).

Hilcorp and Facilities point to a recent Supreme Court decision, *BP P.L.C. v. Mayor & City Council of Baltimore*, which held that appellate review

4

No. 21-30632

of section 1447(d) is available for certain types of remand orders, to suggest our court can review the district court's removal order in this matter. 141 S. Ct. 1532 (2021); *see also Grace Ranch*, 989 F.3d at 310–11. However, the exception specified by the Supreme Court in *BP* was a statutory one relating, explicitly, to cases "removed pursuant to section 1442 or 1443." 28 U.S.C. § 1447(d); *BP P.L.C.*, 141 S. Ct. at 1536 (limiting to cases involving removal based "on the federal officer removal statute, § 1442, or the civil rights removal statute, § 1443").

In this case, the Ballards' suit was removed to federal district court solely on the basis of diversity jurisdiction. Because this case was not removed pursuant to 28 U.S.C. § 1442 or 28 U.S.C. § 1443, the two narrow, statutory exceptions to §1447(d)'s bar on appellate review, this court lacks the jurisdiction to review the remand order of the district court.

Accordingly, we DISMISS this appeal for lack of jurisdiction.