# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 12, 2023

Lyle W. Cayce
Clerk

No. 22-40699
Summary Calendar

Savvy Ventures, L.L.C., *c/o Gregory Real Estate, Inc., doing business as Gregory Property Management*,

*Plaintiff—Appellee*,

*versus*

Robert Robinson, and All Occupants,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:22-CV-242

_____

Before Clement, Elrod, and Ho, *Circuit Judges*.

Per Curiam:[*]

Robert Robinson appeals the district court's order remanding Savvy Ventures, L.L.C.'s (Savvy Ventures) state court eviction petition against Robinson, which he removed to federal court pursuant to 28 U.S.C. § 1443(1). Robinson primarily asserts that controlling authority has been

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

implicitly overruled and that Savvy Ventures's counsel violated rules of professional conduct and federal law.

Although a remand order in a removed case is ordinarily not appealable under 28 U.S.C. § 1447(d), that section makes an exception for cases removed pursuant to § 1443 for alleged civil rights violations. *See BP P.L.C. v. Mayor & City Council of Balt.,* 141 S. Ct. 1532, 1538 (2021); *Whitaker v. Carney*, 778 F.2d 216, 219 (5th Cir. 1985). We review de novo the district court's remand order. *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 290 (5th Cir. 2020) (en banc).

Removal pursuant to 28 U.S.C. § 1443 applies only to rights that are stated in terms of racial equality and not to generally applicable constitutional rights. *Georgia v. Rachel*, 384 U.S. 780, 791 (1966). Thus, Robinson's allegations, which do not implicate the denial or enforcement of his civil rights under a statute protecting racial equality, were insufficient to warrant removal under § 1443. *See* § 1443(1); *see also Rachel*, 384 U.S. at 792. Robinson has shown no error in connection with the district court's remand order.

This is Robinson's second unsuccessful appeal challenging a district court's order remanding a case that Robinson removed pursuant to § 1443. *See Hibernia Nat'l Bank v. Robinson*, No. 02-40895, 02-40373, 2003 WL 21108502, 2 (5th Cir. Apr. 21, 2003) (unpublished). Accordingly, Robinson is warned that the filing of frivolous, repetitive, or otherwise abusive pleadings will invite the imposition of sanctions, which may include dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction. *See Coghlan v. Starkey*, 852 F.2d 806, 817 n.21 (5th Cir. 1988).

The district court's remand order is AFFIRMED. Robinson's request that this court disqualify Savvy Ventures's counsel is DENIED.