**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

JOHN BOSHEARS, on behalf of himself and all others similarly situated,

*Plaintiff-Appellee*,

v.

PEOPLECONNECT, INC.,

*Defendant-Appellant*.

No. 22-35262

D.C. No. 2:21-cv-01222-MJP

OPINION

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, District Judge, Presiding

Argued and Submitted July 13, 2023
San Francisco, California

Filed August 3, 2023

Before: Carlos T. Bea, Mark J. Bennett, and Holly A. Thomas, Circuit Judges.

Opinion by Judge Bea

# SUMMARY[*]

## Federal Arbitration Act/Jurisdiction

In a suit alleging that defendant PeopleConnect, Inc., violated plaintiff's right of publicity by using his photo on its website Classmates.com, the panel dismissed the appeal in part for lack of appellate jurisdiction, vacated the district court's order denying PeopleConnect's motion to compel arbitration, and remanded.

In response to plaintiff's lawsuit, PeopleConnect sought to compel arbitration under section 4 of the Federal Arbitration Act ("FAA") and also sought to dismiss the complaint on immunity grounds. The district court denied both requests in a document labeled a single "order." On appeal, PeopleConnect asserted that because the district court denied the motion to dismiss in the same "order" in which it denied the motion to compel arbitration, the whole "order" was reviewable under FAA § 16(a), which allows for interlocutory appeals of orders denying motions to compel arbitration.

The panel determined that it had jurisdiction to review the district court's order denying the motion to compel arbitration. In a concurrently filed memorandum disposition, the panel vacated the order and remanded for further proceedings.

Addressing whether it had jurisdiction to review the denial of PeopleConnect's motion to dismiss, the panel held

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

that two orders do not become one "order" for the purposes of § 16(a) solely by virtue of the fact that they appear in the same document. Notwithstanding its label as a single "order," the document clearly contained multiple orders. Because § 16(a) grants jurisdiction to review only an order denying a motion to compel arbitration, and because the district court's denial of the motion to dismiss was not part of such an order, the panel lacked jurisdiction to review it.

**COUNSEL**

Ian H. Gershengorn (argued) and Illyana A. Green, Jenner & Block LLP, Washington, D.C.; Clifford W. Berlow, Debbie L. Berman, Wade A. Thompson, and Daniel W. Bobier, Jenner & Block LLP, Chicago, Illinois; Brent Caslin, Jenner & Block LLP, Los Angeles, California; Michael Rosenberger and Mark A. Wilner, Gordon Tilden Thomas & Cordell LLP, Seattle, Washington; for Defendant-Appellant.

Ben R. Osborn (argued), Law Office of Benjamin R. Osborn, Brooklyn, New York; Michael F. Ram, Morgan & Morgan Complex Litigation Group, San Francisco, California; Samuel J. Strauss and Raina Borrelli, Turke & Strauss LLP, Madison, Wisconsin; for Plaintiff-Appellee.

**OPINION**

BEA, Circuit Judge:

Plaintiff-Appellee John Boshears sued Defendant-Appellant PeopleConnect, Inc., alleging that it violated his right of publicity by using his photo on its website, Classmates.com. PeopleConnect responded by seeking two forms of relief. First, it sought to compel Boshears to arbitrate his claims under section 4 of the Federal Arbitration Act (FAA). *See* 9 U.S.C. § 4. Second, it sought to dismiss Boshears's complaint, *see* Fed. R. Civ. P. 12(b)(6), arguing in relevant part that it was entitled to section 230 immunity under the Communications Decency Act, *see* 47 U.S.C. § 230. In a 26-page document labeled a single "order," the district court denied both requests for relief. PeopleConnect filed an interlocutory appeal, attempting to challenge both denials by relying on the FAA as the basis for interlocutory appellate jurisdiction. *See* 9 U.S.C. § 16(a).

Section 16(a) reads, in relevant part: "An appeal may be taken from . . . an order . . . denying a petition under section 4 of this title to order arbitration to proceed." *Id.* More simply, § 16(a) allows for "appeals of orders denying . . . motions to compel arbitration." *Coinbase, Inc. v. Bielski*, 143 S. Ct. 1915, 1919 (2023) (emphasis removed). Section 16(a) allows us to review the first issue raised on appeal—whether the district court correctly denied PeopleConnect's motion to compel arbitration. We address that issue in a concurrently filed memorandum disposition in which we vacate the district court's order denying the motion to compel arbitration and remand for further proceedings. In this opinion, we address only our jurisdiction to review the second issue—whether the district court

correctly denied PeopleConnect's Rule 12(b)(6) motion to dismiss based on § 230 immunity.

Absent a final judgment, *see* 28 U.S.C. § 1291, we generally lack jurisdiction to review the denial of a Rule 12(b)(6) motion. *Hilton v. Hallmark Cards*, 599 F.3d 894, 900 (9th Cir. 2010). PeopleConnect invokes neither the collateral order doctrine nor the pendent appellate jurisdiction doctrine, *see Cunningham v. Gates*, 229 F.3d 1271, 1283–84 (9th Cir. 2000), *as amended* (Oct. 31, 2000) (describing these doctrines), to argue that we may review such a denial here. Instead, it relies solely on the "plain language" of § 16(a). PeopleConnect contends that the district court denied its Rule 12(b)(6) motion in the same "order" in which the district court denied its motion to compel arbitration, and therefore the whole "order" is reviewable under § 16(a).

PeopleConnect conflates, and thereby confuses, the meaning of an *order* with that of a *document*. *Cf.* Fed. R. App. P. 4(a)(7)(A) (distinguishing an "order" from the "document" in which it is set forth). An "order" refers to a "written direction or command," not to the document in which that "direction or command" is "delivered by a court or judge" to the parties. *See BP P.L.C. v. Mayor & City Council of Baltimore*, 141 S. Ct. 1532, 1537 (2021) (cleaned up). In the document at issue here, the district court addressed PeopleConnect's arbitration argument separately from its § 230 argument. At the end of its arbitration analysis, the district court wrote: "The Court thus DENIES [PeopleConnect's] request to compel arbitration." Six pages later, at the end of its § 230 analysis, the district court wrote: "The Court DENIES the Motion [to dismiss] as to this argument." These are separate "written direction[s] or command[s]." *Id.* (citation omitted). They are thus different

"order[s]" that merely happen to appear in the same document. *Id*.

Courts frequently issue multiple orders in the same document, particularly when a party request multiple forms of relief at the same time, as PeopleConnect did here. And it is also common for a district court to label such a document a singular "order," as the district court did here.  But we may "look behind the district court's characterization" of its order to determine whether we have appellate jurisdiction to review it. *Cf. Atl. Nat. Tr. LLC v. Mt. Hawley Ins. Co.*, 621 F.3d 931, 938 (9th Cir. 2010) (interpreting the appellate jurisdiction-stripping provisions in 28 U.S.C. § 1447). Notwithstanding its label as a single "order," the document clearly contains multiple orders.

This all seems fairly commonsensical. Yet the parties do not cite, and we were unable to find, a published opinion from our Circuit expressly explaining this obvious principle. The closest case we could find, *Blair v. Rent-A-Center, Inc.*, 928 F.3d 819 (9th Cir. 2019), held that § 16(a) did not grant jurisdiction to review a denial of a motion for a discretionary stay, *id.* at 832, even though the district court denied that motion in the same document in which it denied a motion to compel arbitration, *Blair v. Rent-A-Ctr., Inc.*, 2017 WL 4805577, at *6 (N.D. Cal. Oct. 25, 2017). We now make explicit what was implied in *Blair*—two orders do not become one "order" for the purpose of § 16(a) solely by virtue of the fact that they appear in the same document.

In arguing otherwise, PeopleConnect cites *BP P.L.C.*, 141 S. Ct. at 1537 (concluding that 28 U.S.C. § 1447(d) allows review of all rejected bases for federal jurisdiction in an order remanding a case to state court), and some out-of-circuit cases interpreting § 16(a). *See Donelson v.*

*Ameriprise Fin. Servs., Inc.*, 999 F.3d 1080, 1086–87 (8th Cir. 2021) (concluding that § 16(a) allows review of a denial of a motion to strike class-action allegations); *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 999 F.3d 257, 263 n.1 (5th Cir. 2021) (concluding that § 16(a) allows review of whether an arbitration defense was waived).

To the extent *BP P.L.C.* is helpful, it merely suggests that § 16(a) grants jurisdiction to review *all* of the reasoning in an order denying a motion to compel arbitration—"not just some of its parts or pieces." 141 S. Ct. at 1538. And *Donelson*—PeopleConnect's strongest case—might suggest that we can review issues intertwined with a motion to compel arbitration. *See* 999 F.3d at 1088 ("[The very] purpose of moving to strike was so that the district court could compel arbitration under the terms of the Client Agreement."). But neither suggestion is of any help to PeopleConnect. The district court's denial of § 230 immunity was plainly not part of the reasoning it articulated in support of its denial of PeopleConnect's motion to compel arbitration. Nor did the motion to compel arbitration "turn[] on" whether PeopleConnect was entitled to § 230 immunity. *Id.* at 1091.

Because § 16(a) grants us jurisdiction to review only an order denying a motion to compel arbitration, and because the district court's denial of § 230 immunity is not part of such an order, we lack jurisdiction to review it. We dismiss this portion of PeopleConnect's appeal.

Finally, we address costs. In his answering brief, Boshears requested an award of fees and costs for responding to PeopleConnect's § 230 immunity argument. Boshears was required to request this award in "a separately

filed motion." Fed. R. App. P. 38; *see also Higgins v. Vortex Fishing Sys., Inc.*, 379 F.3d 701, 709 (9th Cir. 2004). Regardless, we deny Boshears's request. *See Exxon Valdez v. Exxon Mobil*, 568 F.3d 1077, 1081 (9th Cir. 2009) ("[O]ur usual practice when each side wins something and loses something" is to "exercise our discretion by requiring each party to bear its own costs."). Each party shall bear its own costs on appeal. *See* Fed. R. App. P. 39(a)(4); Ninth Cir. Gen. Order 4.5(e).

**DISMISSED IN PART, VACATED IN PART, AND REMANDED.**