**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 12 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARC GUISINGER, individually and on behalf of all others similarly situated,

Plaintiff-Appellee,

v.

KEYSTONE RV COMPANY,

Defendant-Appellant.

No.    23-55572

D.C. No.
2:23-cv-01393-JLS-RAO

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Submitted July 10, 2024[**]
Pasadena, California

Before: GRABER, N.R. SMITH, and NGUYEN, Circuit Judges.

Keystone RV Company timely appeals the denial of its motion to compel

arbitration, in which it sought to invoke the arbitration provision of a financing

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

agreement between Marc Guisinger and an RV dealership that is not a party to this suit. We have jurisdiction under 9 U.S.C. § 16, and we affirm.

The district court properly took up the question whether an agreement between Guisinger and Keystone existed, as "the issues reserved to the courts for decision 'always include' whether an arbitration agreement was formed, even in the presence of a delegation clause." *Caremark, LLC v. Chickasaw Nation*, 43 F.4th 1021, 1030 (9th Cir. 2022) (quoting *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 297 (2010)). Keystone does not argue that it is a party to the dealership financing agreement, that it is one of the entities specifically identified in the agreement's arbitration provision, or that it formed some other agreement with Guisinger. Thus, there is no "clear and unmistakable evidence" that Guisinger and Keystone "agreed to arbitrate arbitrability." *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995) (cleaned up).

For Keystone to "avoid the 'general rule that one must be a party to an arbitration agreement to invoke it,'" *Revitch v. DIRECTV, LLC*, 977 F.3d 713, 716 n.2 (9th Cir. 2020) (quoting *DMS Servs., LLC v. Super. Ct.*, 205 Cal. App. 4th 1346, 1353 (2012)), California contract law must authorize Keystone to invoke the financing agreement as a nonsignatory, *see Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 630–31 (2009). Other than equitable estoppel, Keystone identifies no

2

legal theory by which it is entitled to enforce the provisions of Guisinger's contract with the dealership.[1]

Keystone's arguments for equitable estoppel are baseless. Guisinger's false advertising claims are neither "dependent upon" nor "inextricably bound up with[] the obligations imposed by" his financing agreement with the dealership. *Kramer v. Toyota Motor Corp.*, 705 F.3d 1122, 1129 (9th Cir. 2013) (citation omitted); *see id.* at 1130–31. The California Courts of Appeal have long rejected but-for causation as the relevant standard for this, *see DMS Servs.*, 205 Cal. App. 4th at 1356–57 (citing *County of Contra Costa v. Kaiser Found. Health Plan, Inc.*, 47 Cal. App. 4th 237, 243 (1996)), and we have recognized their rejection of "attenuated chain[s] of reasoning" like the one Keystone urges here, *Ngo v. BMW of N. Am., LLC*, 23 F.4th 942, 949 (9th Cir. 2022) (citation omitted). In addition, Keystone fails to explain how the dealership's conveyance of marketing materials

---

[1] Although Keystone argues that the contract extends the scope of arbitration to third parties, it has expressly disclaimed being a third-party beneficiary of the contract. Even had it not, Keystone's interpretation of the contract's arbitration provision is contradicted by our analysis of similar or identical language. *See Kramer v. Toyota Motor Corp.*, 705 F.3d 1122, 1127 (9th Cir. 2013); *Ngo v. BMW of N. Am., LLC*, 23 F.4th 942, 948 (9th Cir. 2022) ("Though the language allows for arbitration of certain claims concerning third parties, it still gives only [the plaintiff], the dealership, and the [dealership's] assignee the power to compel arbitration.").

amounts to "substantially interdependent and concerted misconduct," much less how that misconduct would be "inextricably bound up with the obligations imposed by" the financing agreement, such that equitable estoppel would apply under California law. *Kramer*, 705 F.3d at 1132–33 (citation omitted).

We lack appellate jurisdiction to consider Keystone's argument concerning the timeliness of a yet-unfiled motion to dismiss, as we are authorized at this stage "to review only an order denying a motion to compel arbitration." *Boshears v. PeopleConnect, Inc.*, 76 F.4th 858, 862 (9th Cir. 2023).

**AFFIRMED IN PART AND DISMISSED IN PART.**