NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 25 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EMMA MARTIN, individually and as heir of Vincent Paul Martin, deceased; ELIZABETH GAGLIANO, individually and as heir of Vincent Paul Martin, deceased; KATHRYN SESSINGHAUS, individually and as heir of Vincent Paul Martin, deceased, | No. 20-56067 |
| | D.C. No. 2:20-cv-05937-DSF-SK |
| Plaintiffs-Appellees, | |
| v. | MEMORANDUM* |
| MARCEL ADRIAN SOLERO FILART, | |
| Defendant-Appellant, | |
| and | |
| SERRANO POST ACUTE LLC, DBA Hollywood Premier Healthcare Center, AKA Serrano Healthcare, AKA Serrano North Convalescent Hospital; BENJAMIN LANDA, | |
| Defendants. | |

| | |
|---|---|
| EMMA MARTIN, individually and as heir of Vincent Paul Martin, deceased; ELIZABETH GAGLIANO, individually and as heir of Vincent Paul Martin, deceased; | No. 20-56078 |
| | D.C. No. 2:20-cv-05937-DSF-SK |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

KATHRYN SESSINGHAUS, individually and as heir of Vincent Paul Martin, deceased,

Plaintiffs-Appellees,

v.

SERRANO POST ACUTE LLC, DBA Hollywood Premier Healthcare Center, AKA Serrano Healthcare, AKA Serrano North Convalescent Hospital; BENJAMIN LANDA, an individual,

Defendants-Appellants,

and

MARCEL ADRIAN SOLERO FILART,

Defendant.

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted October 21, 2021
Pasadena, California

Before: R. NELSON and VANDYKE, Circuit Judges, and SCHREIER,[**] District Judge.

Marcel Adrian Solero Filart, Serrano Post Acute LLC, and Benjamin Landa

(collectively, Serrano) appeal the district court's order remanding this case to state

[**] The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota, sitting by designation.

court for lack of federal subject matter jurisdiction. Serrano argues that the district court has three independent grounds for federal jurisdiction: federal officer removal, complete preemption of state law, and the presence of an imbedded federal question. We agree with the district court and affirm.[1]

Questions of statutory construction and subject matter jurisdiction are reviewed de novo. *City of Oakland v. BP PLC*, 969 F.3d 895, 903 (9th Cir. 2020). When the federal officer removal statute, 28 U.S.C. § 1442, is one ground for removal, § 1447(d) permits appellate review of a district court's entire remand order. *BP P.L.C. v. Mayor & City Council of Baltimore*, 141 S. Ct. 1532, 1538 (2021).

The district court correctly found that it did not have jurisdiction under the federal officer removal statute, because Serrano's actions were not "taken pursuant to a federal officer's directions[.]" *Saldana v. Glenhaven Healthcare LLC*, --- F.4th ---, 2022 WL 518989 at *4 (9th Cir. 2022) (citing *Stirling v. Minasian*, 955 F.3d 795, 800 (9th Cir. 2020)). Serrano has demonstrated that it was subject to federal laws and regulations throughout the COVID-19 pandemic. "But 'simply *complying*' with a law or regulation is not enough to 'bring a private person within the scope of the [federal officer removal] statute.'" *See Saldana*, 2022 WL 518989,

---

[1] We also grant the pending motions for judicial notice. Dockets 25 & 31 in Case No. 20-56067; Dockets 26 & 32 in Case No. 20-56078.

at *3 (quoting *Watson v. Philip Morris Cos., Inc.*, 551 U.S. 142, 152 (2007)). Similarly, recommendations, advice, and encouragement from federal entities do not amount to the type of control required for removal under the statute. *See id.* (citing *Watson*, 551 U.S. at 153). Thus, we affirm the remand order for lack of subject matter jurisdiction under 28 U.S.C. § 1442.

Complete preemption also does not provide subject matter jurisdiction. The complaint states causes of action for elder abuse and neglect, negligence, wrongful death, fraudulent concealment, and fraudulent misrepresentation. Under the Public Readiness and Emergency Preparedness (PREP) Act, 42 U.S.C. §§ 247d-6d, 247d-6e, Congress did not intend to displace the state-law causes of action in the complaint, and Congress did not provide a substitute cause of action. *See Saldana*, 2022 WL 518989, at *5 (citing *City of Oakland*, 969 F.3d at 906). The PREP Act itself is not one of those "rare" statutes "where a federal statutory scheme is so comprehensive that it entirely supplants state law causes of action." *See Saldana*, 2022 WL 518989, at *4 (quoting *Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 947 (9th Cir. 2014)). Thus, complete preemption under the PREP Act is not a basis for federal subject matter jurisdiction.

The causes of action in the complaint do not necessarily raise substantial federal issues that are "actually disputed" and "capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *See*

4

*Saldana*, 2022 WL 518989, *6 (citing *Gunn v. Minton*, 568 U.S. 251, 258 (2013)).

Thus, the complaint does not raise an imbedded federal question that would invoke a federal court's subject matter jurisdiction.

**AFFIRMED.**