**ALD-027**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 22-2412 & 22-2413
_____

COMMONWEALTH OF PENNSYLVANIA

v.

ELIZABETH ANN HARING,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Nos. 2:22-cr-00216-001 & 2:22-cr-00217-001)
District Judge:  Honorable Mark A. Kearney

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 10, 2022

Before: HARDIMAN, RESTREPO, and BIBAS, Circuit Judges

(Opinion filed: November 18, 2022)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se Appellant Elizabeth Haring appeals orders of the District Court in these two cases she removed from state court. For the reasons set forth below, we will summarily affirm.

I.

In October 2020 and May 2021, Haring received citations for harassment of two individuals in her condominium complex. The cases were joined in the Magisterial District Court for Montgomery County, Pennsylvania, but in June 2022, Haring removed the cases, separately, to the United States District Court for the Eastern District of Pennsylvania. Relying on Article III of the United States Constitution and 28 U.S.C. §§ 1331, 1332, 1443, and 1455, Haring asserted that removal was proper because she was being denied her rights to a fair trial, a jury trial, discovery, and to confront witnesses in state court, and because her cases raised First Amendment issues. The District Court promptly reviewed the notices of removal and remanded the cases to state court.

In both cases, Haring then filed motions for extensions of time to file amended notices of removal, as well as motions to correct errors in both case captions that listed the United States as Haring's opposing party. The District Court denied those motions. Haring filed notices of appeal, challenging the District Court's remand orders, as well as the orders denying her motions for an extension of time and to correct the record. The appeals have been consolidated for disposition.

## II.

Because Haring asserted that removal was proper under § 1443, we have jurisdiction to review the District Court's orders remanding these matters to state court. See 28 U.S.C. § 1447(d); BP P.L.C. v. Mayor & City Council of Baltimore, 141 S. Ct. 1532, 1538 (2021). We exercise plenary review over the remand orders. See Lazorko v. Pa. Hosp., 237 F.3d 242, 247 (3d Cir. 2000). Summary action is appropriate if the appeal does not present a substantial question. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

## III.

The District Court properly remanded Haring's criminal cases to state court. An individual seeking removal of a state criminal case to federal court must allege a denial of her civil rights on account of race and that she cannot enforce her federal rights in state court. See Johnson v. Mississippi, 421 U.S. 213, 219-20 (1975). Removal under § 1443(1) is not warranted when it is based, as it was here, on "[c]laims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability." Id. at 219. Haring likewise failed to allege any ground that would permit removal under § 1443(2), which applies only to "federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." City of Greenwood v. Peacock, 384 U.S. 808, 824 (1966). None of the other provisions upon which Haring relied provides a basis for removal, either. Namely, § 1455 merely sets forth the procedures pursuant to which

3

actions may be removed.  And, as the District Court noted, §§ 1331 and 1332 pertain to subject matter jurisdiction for civil actions, not for criminal defendants who wish to remove their cases from state court.

Moreover, because the District Court lacked jurisdiction over Haring's cases and properly remanded them to state court, it also correctly denied her motions for an extension of time and to correct errors in the case captions.[1]

Accordingly, we will affirm the judgment of the District Court.[2]

---

[1] We note, further, regarding Haring's requests to amend the captions in both cases, that the parties are correctly identified on both the District Court's dockets and ours.

[2] Haring's motion for appointment of counsel filed in C.A. No. 22-2412 is denied.  See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993).

4