# United States Court of Appeals for the Fifth Circuit

---

No. 23-60073
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
November 7, 2023

Lyle W. Cayce
Clerk

County of Yazoo, Mississippi,

*Plaintiff—Appellee*,

*versus*

George Dunbar Prewitt, Jr.,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:22-CR-113-1

---

Before Haynes, Graves, and Higginson, *Circuit Judges*.

Per Curiam:[*]

George Dunbar Prewitt, Jr. removed the adjudication of his speeding ticket to federal district court citing, among other statutes, 28 U.S.C. § 1443. He now appeals the district court's order summarily remanding the case back to the Yazoo County Court, as well as the district court's denial of his motion, pursuant to 28 U.S.C. § 2284, for a three-judge panel. He contends that the

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Yazoo County Court has no jurisdiction over him, arguing that Mississippi's entire governmental structure, including its court system, is illegitimate because the 1890 Mississippi Constitution violated certain Reconstruction Era statutes because it (1) was not ratified by the majority of the state's citizens and (2) improperly redrew the congressional districts by illegally changing the state's eastern boundaries. Prewitt has also filed motions to stay the remand order and to suspend that motion to stay.

Generally, "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d). However, § 1447(d) makes an exception for orders remanding cases that were "removed pursuant to" § 1443. Here, Prewitt's notice of removal expressly relied on § 1443; therefore, we have jurisdiction to review the remand order under the exception provided in § 1447(d). *See BP P.L.C. v. Mayor & City Council of Baltimore,* 141 S. Ct. 1532, 1538 (2021); *Whitaker v. Carney*, 778 F.2d 216, 219 (5th Cir. 1985).

We review de novo the district court's remand order. *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 290 (5th Cir. 2020) (en banc). A criminal prosecution commenced in a state court may be removed to a federal district court if the prosecution is "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." § 1443(1). To remove a state case under § 1443(1), the defendant must show both that (1) the right allegedly denied arises under a federal law providing for specific rights stated in terms of racial equality and (2) the defendant is denied or cannot enforce the specified federal rights in the state courts due to some formal expression of state law. *Johnson v. Mississippi*, 421 U.S. 213, 219-20 (1975). Significantly, the statute applies only to rights that are stated in terms of racial equality and not to generally

applicable constitutional rights. *See Georgia v. Rachel*, 384 U.S. 780, 792 (1966).

Prewitt appears to assert that the cited Reconstruction Era statutes constitute the federal civil rights laws stated in terms of racial equality, as required under the first prong of *Johnson*, 421 U.S. at 219. He also appears to contend that the 1890 Mississippi Constitution is the formal expression of state law by which he is being denied, or cannot enforce, his purported federal rights under the Reconstruction Era statutes, as required by the second prong of *Johnson*, 421 U.S. at 219-20. However, Prewitt has not shown that the Reconstruction Era statutes "provide[] for specific civil rights stated in terms of racial equality." *Johnson*, 421 U.S. at 223 (internal quotation marks and citation omitted). Moreover, he fails to explain how the provisions in Mississippi's 1890 Constitution deprive him, or prevent the enforcement, of any race-based civil rights purportedly contained in the cited Reconstruction Era statutes. *See id.* at 219-20. Accordingly, Prewitt has not made the required showing for removal under § 1443(1).

Pursuant to § 2284(a), "[a] district court of three judges shall be convened . . . when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body." Here, the district court determined that there was not an action challenging the constitutionality of the voting districts, given that the germane action in this case was Prewitt's criminal proceeding based on his speeding ticket, not his notice of removal. Because Prewitt has failed to specifically address and allege error in the district court's reasoning on this point, he has abandoned any challenge to the denial of this motion. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

The judgment is AFFIRMED, and the motions are DENIED.