CLD-143                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-3271
_____

RICHARD NGO


v.

CURTIS EUGENE BOSWELL, JR..
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:25-cv-05469)
District Judge:  Honorable John F. Murphy

_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect and
Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 4, 2026
Before:  BIBAS, PHIPPS, and NYGAARD, *Circuit Judges*

(Opinion filed: June 17, 2026)
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se appellant Curtis Boswell, Jr. appeals from the District Court's order remanding his case to state court. For the reasons that follow, we will summarily affirm.

Boswell filed a Notice of Removal with the United States District Court for the Eastern District of Pennsylvania seeking removal of an ejectment action from the Philadelphia Court of Common Pleas pursuant to 28 U.S.C. §§ 1331, 1343, 1441, and 1443(1).[1] ECF No. 2. The District Court then remanded the case back to state court for lack of subject matter jurisdiction under 28 U.S.C. § 1447(c). In doing so, the District Court denied Boswell's motion to proceed IFP as moot and certified that any appeal would not be taken in good faith. *Id.* Boswell appealed.[2]

Under 28 U.S.C. § 1447(d), "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise" unless the order remanded a case removed pursuant to 28 U.S.C. §§ 1442 and 1443. Because Boswell cited § 1443 in his Notice of Removal, we may review the remand order. *BP P.L.C. v. Mayor and City Council of Baltimore*, 593 U.S. 230, 238 (2021) (noting that such a citation is sufficient and appellate review of a removal order is of the full order, even where a defendant cites multiple grounds for removal). We exercise plenary review. *See Lazorko v. Pa. Hosp.*, 237 F.3d 242, 247 (3d Cir. 2000). Upon review, we will

---

[1] We take judicial notice of this ejectment complaint. *See Orabi v. Att'y Gen.*, 738 F.3d 535, 537 n.1 (3d Cir. 2014).

[2] He has filed a motion to proceed IFP on appeal, which we grant. He also asks us for injunctive relief to preserve his possession of the property from which the appellee is seeking to eject him ("the property") and prevent additional lawsuits regarding the property.

summarily affirm because no substantial issue is presented on appeal. *See* 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

We agree with the District Court's decision to remand the ejectment case. A defendant may remove to federal district court a civil action brought in state court if a district court has original jurisdiction over it. *See* 28 U.S.C. § 1441(a). The question is "whether the plaintiff could have filed its operative complaint in federal court, either because it raises claims arising under federal law or because it falls within the court's diversity jurisdiction." *Home Depot U. S. A., Inc. v. Jackson*, 587 U.S. 435, 441 (2019). And the answer, in this case, is that Boswell could not have brought his case originally in federal court. There is no indication that his ejectment action invokes anything other than state or local law. And Boswell has not shown that the parties, whom are all described in the complaint as having Philadelphia addresses, are diverse. To the extent that Boswell removed the case because he wished to present a federal defense to the ejectment action, his case could not be removed on the basis of a federal defense. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392–93 (1987) ("The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.") (internal citations and quotations omitted).

As grounds for removal, Boswell also cited 1443(1), which authorizes the removal of a state law action "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." For this provision to

apply, "a state court defendant must demonstrate both (1) that he is being deprived of rights guaranteed by a federal law 'providing for ... equal civil rights'; and (2) that he is 'denied or cannot enforce that right in the courts' of the state." *Davis v. Glanton*, 107 F.3d 1044, 1047 (3d Cir. 1997) (quoting *Georgia v. Rachel*, 384 U.S. 780, 788 (1966)). As the District Court determined, Boswell did not make the required showing.

Accordingly, we will affirm the District Court's judgment. Boswell's remaining requests for relief are denied.