**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————————

No. 25-13470

Non-Argument Calendar

————————————————

CHAMPA DAHI LLC,

*Plaintiff-Appellee,*

*versus*

JAMES THOMAS CARLAN,

d.b.a. Alternative Pain Solution,

*Defendant-Counter Claimant-Appellant,*

STATE OF GEORGIA, et al.,

*Third Party Defendants.*

————————————————

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 5:25-cv-00360-MTT

————————————————

Before JORDAN, BRASHER, and KIDD, Circuit Judges.

PER CURIAM:

2                      Opinion of the Court                    25-13470

This appeal is DISMISSED, sua sponte, for lack of jurisdiction. James Carlan, pro se, appeals from the district court's September 24, 2025 order remanding a dispossessory action to state court.

The order is not appealable because the district court remanded the action based on a lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c), (d) (providing that remands for lack of subject matter jurisdiction are not reviewable on appeal); *Kircher v. Putnam Funds Tr.*, 547 U.S. 633, 642 (2006) (explaining that a remand order for lack of subject matter jurisdiction is unreviewable even if it is clearly erroneous). The court's remand order is not otherwise appealable because Carlan did not remove the action from state court under 28 U.S.C. §§ 1442 or 1443. *See* 28 U.S.C. §§ 1442, 1443; *BP P.L.C. v. Mayor and City Council of Baltimore*, 593 U.S. 230, 238 (2021) (explaining that, to remove a case under §§ 1442 or 1443, a notice of removal must assert that the case is removable under one of those provisions).

All pending motions are DENIED as moot.