In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-13384

_____

U.S. BANK, NATIONAL ASSOCIATION AS
LEGAL TITLE TRUSTEE FOR
TRUMAN 2016 SC6 TITLE TRUST,

Plaintiff-Appellee,

*versus*

VALERIA TAVERAS,
a.k.a. Valeria Rosa Taveras,
ELIEZER TAVERAS,
a.k.a. Eliezer Taveras, Sr.,

Defendants-Appellants,

REUNION RESORT & CLUB OF
ORLANDO MASTER ASSOCIATION, INC. et al.,

2                          Order of the Court                          23-13384

                                                                  Defendants.

                                _____

                          Appeal from the United States District Court
                             for the Middle District of Florida
                          D.C. Docket No. 6:23-cv-01493-WWB-EJK

                                _____

Before JILL PRYOR, BRANCH, and LAGOA, Circuit Judges.

BY THE COURT:

This appeal is DISMISSED in part, *sua sponte*, for lack of jurisdiction. Eliezar Taveras and Valeria Taveras appeal, *pro se*, from a magistrate judge's September 12, 2022, order denying them leave to amend their notice of removal. The magistrate judge's order, however, is not final or appealable to this Court, as an appeal from a magistrate judge's order must be taken to the district court. *See United States v. Schultz*, 565 F.3d 1353, 1359 (11th Cir. 2009). Even if the district judge ultimately affirms the order, that subsequent affirmance would not cure the Taverases's premature notice of appeal. *See Perez-Priego v. Alachua Cnty. Clerk of Ct.*, 148 F.3d 1272, 1273 (11th Cir. 1998).

The Taverases also appeal the district court's October 11, 2023, order remanding the underlying action to state court. The order was based on the district court's lack of subject matter jurisdiction under 28 U.S.C. § 1447(c), and we generally lack jurisdiction to review such orders. *See* 28 U.S.C. § 1447(c)-(d). However,

23-13384                Order of the Court                3

because the Taverases's notice of removal listed 28 U.S.C. § 1443 as a basis for removal, we have jurisdiction to review the district court's remand order, including its implicit determination that removal was not warranted under § 1443. *See* 28 U.S.C. § 1447(c)-(d); *BP P.L.C. v. Mayor of Balt.*, 141 S. Ct. 1532, 1538 (2021); *Alabama v. Conley*, 245 F.3d 1292, 1293 n.1 (11th Cir. 2001).

Accordingly, we lack jurisdiction to review the magistrate judge's September 12, 2022, order. However, this appeal may proceed as to the district court's October 11, 2023, remand order.

No motion for reconsideration may be filed unless it complies with the timing and other requirements of 11th Cir. R. 27-2 and all other applicable rules.