[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-14494

_____

MATT HOLMAN,
Administrator of the Estate of
Edna Diane Holman, deceased,

Plaintiff-Appellee,

*versus*

KNOLLWOOD NURSING HOME, LLC,
STACIE MROCZKO,
Therapy Director,
LESLIE MCDUFFIE,
Business Office Manager,

Defendants-Appellants,

KNOLLWOOD HEALTHCARE, LLC,

Defendant.

————————————

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:21-cv-00130-KD-N

————————————

Before NEWSOM, LUCK, and TJOFLAT, Circuit Judges.

PER CURIAM:

This appeal presents the question whether the federal courts have subject matter jurisdiction over a state-law tort suit arising out of the death of a nursing-home patient during the COVID-19 pandemic. The defendants point to three possible bases for subject matter jurisdiction: complete preemption, the embedded-federal-question doctrine, and federal-officer removal. But our recent decision in *Schleider v. GVDB Operations, LLC*, 121 F.4th 149 (11th Cir. 2024), forecloses all three. Accordingly, the district court's order remanding the case to state court is **AFFIRMED**.

**I**

In mid-2020, at the height of the pandemic, Edna Holman contracted COVID-19 and died. She had been a resident of a rehabilitation facility in Mobile, Alabama called Knollwood Nursing

Home.  According to the administrator of her estate, Holman contracted the disease after the nursing home put another patient, who was already suffering from COVID-19, into Holman's room.

This lawsuit started in the Circuit Court of Mobile County, Alabama.  Matt Holman—the estate administrator—sued Knollwood Nursing Home, LLC,[1] two nursing-home staff members, and several other entities.  The complaint included various state-law tort claims alleging negligence and wrongful death; it expressly disclaimed the presence of any federal question.  It alleged that Edna Holman had been a resident of Alabama at the time of her death and that the two staff members were residents of Alabama.

Knollwood removed the case to the United States District Court for the Southern District of Alabama.  It asserted that the district court possessed jurisdiction based on "(i) express jurisdictional preemption; (ii) *Grable* doctrine jurisdictional preemption; and (iii) Federal officer jurisdiction."  Holman moved to remand to state court, insisting that the suit's "causes of action are brought under the Wrongful Death Statute of the State of Alabama and the Common Law."  A magistrate judge recommended that Holman's motion for remand be granted, and the district court agreed.

---

[1] Although the lawsuit named "Knollwood Nursing Home, LLC" as a defendant, the company appearing in response to the lawsuit has asserted that it is properly known as "Knollwood NH, LLC," or by its trade name, "Knollwood Healthcare."  We refer to the company simply as "Knollwood."

Knollwood and the two staff members appealed.[2]

## II

A defendant may remove a state-court action only if the lawsuit could originally have been filed in federal court. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). If there is no diversity of citizenship among the parties, "federal-question jurisdiction is required." *Id.* As the removing defendants, Knollwood and the staff members "bear[] the burden of proving proper federal jurisdiction." *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294 (11th Cir. 2008).

Knollwood and the staff members rely heavily on the Public Readiness and Emergency Preparedness Act, 42 U.S.C. §§ 247d-6d, 247d-6e, known as the PREP Act. The PREP Act authorizes the Secretary of Health and Human Services to "make a declaration" that recommends "the manufacture, testing, development, administration, or use of one or more covered countermeasures." *Id.* § 247d-6d(b)(1). Early in the pandemic, the Secretary issued one of these declarations, identifying certain "covered countermeasures"

---

[2] We review de novo a district court's order remanding a case to state court. *Scimone v. Carnival Corp.*, 720 F.3d 876, 880 (11th Cir. 2013). Ordinarily, we cannot review on appeal an order remanding a case to state court for lack of subject matter jurisdiction. 28 U.S.C. § 1447(d); *see Vachon v. Travelers Home & Marine Ins. Co.*, 20 F.4th 1343, 1346–47 (11th Cir. 2021). But here, one of the defendants' asserted grounds for removal is the federal-officer removal statute, 28 U.S.C. § 1442. So, "the whole of" the district court's order is now "reviewable on appeal." *BP P.L.C. v. Mayor & City Council of Baltimore*, 593 U.S. 230, 238 (2021).

that could be used to respond to COVID-19. *See* Declaration Under the PREP Act for Medical Countermeasures Against COVID-19, 85 Fed. Reg. 15198 (Mar. 17, 2020). Several amendments followed in subsequent months. *E.g.*, Fourth Amendment to the Declaration, 85 Fed. Reg. 79190 (Dec. 3, 2020).

On appeal, Knollwood and the staff members offer several theories for why federal subject matter jurisdiction exists. They do not argue that the requirements of ordinary diversity jurisdiction are satisfied. *See* 28 U.S.C. § 1332.[3] Instead, they connect three special jurisdictional doctrines with the PREP Act. First, they argue that Holman's state-law claims are completely preempted by the PREP Act because Holman's allegations are related to the administration or use of countermeasures identified in the Secretary's declarations. Second, they argue that the embedded-federal-question doctrine described in *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005), applies because the suit involves substantial federal issues that are related to the PREP Act. And third, they argue that the suit is covered by the federal-officer removal statute, 28 U.S.C. § 1442(a)(1), because, during the pandemic, Knollwood was a PREP Act program planner acting under a federal agency or officer.

---

[3] In the district court, Knollwood and the staff members sought leave to amend the Notice of Removal to allege diversity jurisdiction. They argued that there "was no legitimate claim" against either of the staff member defendants, Stacey Mroczko and Leslie McDuffie. And without Mroczko or McDuffie in the lawsuit, complete diversity would exist. The district court denied the motion, and no party challenges that ruling on appeal.

We recently considered and rejected precisely these three arguments in *Schleider v. GVDB Operations, LLC*, 121 F.4th 149 (11th Cir. 2024), an appeal with strikingly similar facts and legal issues. Indeed, so close does this case hew to *Schleider* that, in supplemental briefing, Knollwood and the staff members were unable to identify a single thing that might distinguish their arguments from those repudiated in *Schleider*. Instead, they relied entirely on the unrealized hope that the en banc court might vacate *Schleider* and decide the issues differently. We now briefly explain why *Schleider* rules out all three jurisdictional proposals.

First, complete preemption. Preemption ordinarily does not authorize removal, but *complete* preemption "is a narrowly drawn jurisdictional rule for assessing federal removal jurisdiction when a complaint purports to raise only state law claims." *Schleider*, 121 F.4th at 160 (citation and quotation marks omitted). "Complete preemption occurs when a federal statute both preempts state substantive law and provides the exclusive cause of action for the claim asserted." *Id.* (citation and quotation marks omitted). Knollwood and the staff members argue that the PREP Act meets this standard with respect to state-law claims related to COVID-19 countermeasures. In *Schleider*, though, we held that the PREP Act "does not create a general cause of action that would completely preempt all state law claims related to COVID-19 and countermeasures taken, or not taken, to prevent the virus's spread." *Id.* at 161. The PREP Act *does* provide for exclusive federal jurisdiction over certain *willful* misconduct tort suits related to the use of countermeasures. *See id.* at 161–63; 42 U.S.C. § 247d-6d(c), (d)(1). Here, though,

21-14494                Opinion of the Court                7

Holman's state law claims are for negligence and wrongful death. The complaint does not appear to allege willful misconduct, and Knollwood and the staff members do not suggest otherwise. *Cf. Schleider*, 121 F.4th at 165 (concluding that the PREP Act's willful misconduct cause of action did not completely preempt a Florida-law wrongful death claim). Thus, as in *Schleider*, there's no complete preemption.[4]

Second, the *Grable* embedded-federal-question doctrine. Under that doctrine, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013) (citing *Grable*, 545 U.S. at 313–14). Knollwood and the staff members say that *Grable* applies because the PREP Act, the Department of Health and Human Services' declarations, and Congress's "belie[f] [that] pandemics raise matters of national public health, national critical infrastructure, and national security," all show that this lawsuit involves "substantial federal questions." This understanding of *Grable* is at odds with

---

[4] Knollwood and the staff members suggest, as if it were completely independent from their complete-preemption argument, that under the PREP Act the United States District Court for the District of Columbia has exclusive federal jurisdiction over this lawsuit. True, the PREP Act does provide for exclusive jurisdiction in that court for the Act's willful-misconduct cause of action. 42 U.S.C. § 247d-6d(e)(1). But, as just explained, Holman's lawsuit doesn't make willful misconduct claims—something Knollwood and the staff members don't dispute. So, the lawsuit couldn't possibly fall under the PREP Act's grant of exclusive jurisdiction to the District Court for the District of Columbia.

the doctrine's "slim" scope. *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 701 (2006). For *Grable* to apply, "the alleged federal issue" must still appear "on the face of the complaint"; it is not enough that a defendant seeks to raise a federal defense. *Schleider*, 121 F.4th at 166–67. Here, at most, Knollwood and the staff members are trying to invoke a *defense* based on the PREP Act. So, just like in *Schleider*, the *Grable* doctrine doesn't apply.

Third, federal-officer removal. A private entity may "remove a case under § 1442(a)(1)" if it can show that it: "(1) is a person within the meaning of the statute who acted under a federal officer; (2) performed the actions for which it is being sued under color of federal office; and (3) raised a colorable federal defense." *Schleider*, 121 F.4th at 158 (alteration accepted) (citation and quotation marks omitted). As in *Schleider*, here "the 'acted under a federal officer' prong is dispositive." *Id.* Knollwood and the staff members maintain that they were acting under a federal officer because, throughout the pandemic, various federal agencies gave them "specific direction and controlling enforcement." But "[a] private firm's compliance (or noncompliance) with federal laws, rules, and regulations . . . does not by itself fall within the scope of the statutory phrase 'acting under' a federal 'official.'" *Id.* at 159 (citation and quotation marks omitted). Just like in *Schleider*, Knollwood was simply operating an "assisted living facility that may, or may not, have complied with federal recommendations and regulations concerning COVID-19." *Id.* at 160. Therefore, the federal officer removal statute does not supply us with jurisdiction.

21-14494                Opinion of the Court                9

Because neither complete preemption, nor *Grable*, nor federal-officer removal applies, this remains a state-law tort suit between non-diverse parties over which the federal courts have no jurisdiction.  *See Caterpillar Inc.*, 482 U.S. at 392.[5]

### III

For the foregoing reasons, we **AFFIRM** the district court's order remanding this suit to state court.

---

[5] Knollwood also argued that the district court erred by issuing its mandate simultaneously with its remand order, thereby preventing Knollwood from seeking a stay of the remand.  We don't see how the district court went wrong; the court did, in fact, consider (and deny) Knollwood's motion to stay.