**DLD-027**                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1857
_____

NEW CENTURY FINANCIAL

v.

BEZALEL GROSSBERGER,
                                                            Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civil Action No. 3:24-cv-09239)
District Judge:  Honorable Zahid N. Quraishi
_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect or
Possible Summary Action Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
November 6, 2025

Before:  RESTREPO, PORTER, and MONTGOMERY-REEVES, Circuit Judges

(Opinion filed: November 13, 2025)
_____

OPINION[*]
_____

**PER CURIAM**

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Bezalel Grossberger appeals from the District Court's remand order. Because this appeal fails to present a substantial question, we will summarily affirm the District Court's decision. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

In 2024, New Century Financial Services, Inc. ("NCF") sought an order from the Superior Court of New Jersey to revive a judgment entered in its favor against Grossberger in 2005 in a contract dispute. Soon after, Grossberger filed a notice of removal in the District Court, citing 28 U.S.C. §§ 1331, 1441, and 1443. After granting Grossberger leave to proceed in forma pauperis, the District Court remanded the case sua sponte back to state court after concluding that it lacked subject matter jurisdiction over the matter. Grossberger has appealed.

We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 1443.[1] We review de novo the District Court's decision to remand for lack of subject matter jurisdiction. Maglioli v. All. HC Holdings LLC, 16 F.4th 393, 403 (3d Cir. 2021). We may summarily

---

[1] Typically, an order remanding a matter back to state court "is not reviewable on appeal or otherwise," but that jurisdictional bar does not apply to cases removed pursuant to 28 U.S.C. §§ 1442 or 1443. See 28 U.S.C. § 1447(d). In his notice of removal, as well as his appellate filings, Grossberger cited § 1443 as one ground for removal. Those citations were sufficient to invoke § 1443, which gives us jurisdiction to review the entire remand order. See BP P.L.C. v. Mayor & City Council of Baltimore, 141 S. Ct. 1532, 1538 (2021) (explaining that "just . . . by citing" either § 1442 or § 1443, a defendant sufficiently invokes the removal statute such that an appellate court has jurisdiction to review all grounds for removal raised in the District Court).

affirm a district court's decision if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

The District Court properly examined plaintiff NCF's claims to determine that there was no basis for federal question jurisdiction here, as the underlying dispute was a contract matter under state law. See Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987) (noting that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint"). Although Grossberger sought to allege federal counterclaims against the New Jersey Superior Court for violating his rights during various state court proceedings, federal question jurisdiction must arise from a state court plaintiff's claims, not anticipated counterclaims or third-party claims. See Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831 (2002) ("[A] counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for [federal question] jurisdiction.").

On appeal, Grossberger argues that the New Jersey state courts are biased against him because of his prior litigation history, and that he seeks to litigate the case in a federal forum because he believes that this matter involves a religious dispute. However, Grossberger has not asserted any rights guaranteed by a federal law "providing for . . . equal civil rights" in the context of § 1443, nor identified any state law that would prevent him from vindicating such rights, as required to invoke § 1443(1) as a ground for

3

removal.  See <u>Davis v. Glanton</u>, 107 F.3d 1044, 1047 (3d Cir. 1997); <u>see also</u> <u>Georgia v. Rachel</u>, 384 U.S. 780, 792 (1966) (concluding that the phrase "equal civil rights" for purposes of § 1443 means federal laws that expressly provide for racial equality). Grossberger also did not assert diversity jurisdiction pursuant to 28 U.S.C. § 1332 as a basis for subject matter jurisdiction.  See <u>Johnson v. SmithKline Beecham Corp.</u>, 724 F.3d 337, 346 (3d Cir. 2013) ("[T]he burden is on the removing party to establish federal jurisdiction.").  Thus, the District Court properly concluded that it lacked subject matter jurisdiction over this matter.

Accordingly, because this appeal does not present a substantial question, we will summarily affirm the District Court's decision.[2]

---

[2] We deny Grossberger's requests to "consolidate" this appeal with an already-concluded District Court case.